■ MARGARET COSENTINO, Individually and as Executrix of DOMINICK COSENTINO, Deceased, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Appellant. TUCKAHOE CONSTRUCTION CO., INC., Third-Party Defendant-Respondent.—In an action to recover damages for personal injuries, etc., defendant third-party plaintiff appeals from a judgment of the Supreme Court, Westchester County, entered January 21, 1977, which is in favor of plaintiff and against it in the principal amount of $128,500, upon a jury verdict, the trial court having directed a verdict in favor of plaintiff and having dismissed the third-party complaint at the conclusion of the jury trial as to the issue of liability. On this court's own motion, the notice of appeal is deemed amended to show that it is also from the judgment of the same court, entered January 27, 1977, which is in favor of the third-party defendant and against the appellant (see CPLR 5520, subd [c]). Judgments reversed, on the law, and

new trial granted, with costs to abide the event. Plaintiff was injured on November 2, 1972 when she fell into a hole excavated at the appellant's instance. At the conclusion of the trial, the court directed a verdict in plaintiff's favor on the issue of appellant's negligence and dismissed the third-party complaint. Appellant argues that there was sufficient evidence of plaintiff's contributory negligence to create an issue of fact for the jury to determine. Without in any manner intimating our view on the merits, we agree that the question of contributory negligence should have been submitted to the jury. The trend in recent New York cases where the injured party sues in tort and has the burden of proving his freedom from contributory negligence is to treat the issue of contributory negligence as one of fact for the jury (*Wartels v County Asphalt,* 29 NY2d 372; *Rossman v La Grega,* 28 NY2d 300; *Jackson v Livingston Country Club,* 55 AD2d 1045). With respect to the third-party action, the third-party defendant appears to have had a contractual obligation to maintain barricades around the hole which it excavated for the appellant until such time as the latter "backfilled" the hole, and to "indemnify and save harmless the [appellant] from and against any and all liability arising from injury to person or property occasioned wholly or in part by any act or omission of the [third-party defendant] arising out of work done under [the] Contract." The third-party defendant apparently failed to safeguard the hole. It argued that the clause in the contract imposing the obligation was inapplicable and unreasonable. The trial court dismissed the third-party complaint. We believe that the question of the third-party defendant's contractual obligation should also have been submitted to the jury. Accordingly, we have reversed and ordered a new trial. Titone, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.