■ KEVIN TANN, Respondent, v DAVID HERLANDS et al., Appellants. [638 NYS2d 293] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered March 27, 1995, which granted plaintiff's motion for partial summary judgment as to defendants' liability to the extent of finding defendant driver at least partially at fault in causing the accident, unanimously modified, on the law, the motion denied in its entirety, the matter remanded for further proceedings and the order otherwise affirmed, without costs.

As plaintiff concedes, the order granting him partial summary judgment was erroneous. Notwithstanding the fact that defendants' vehicle struck plaintiff's in a rear-end collision, a triable issue of fact exists as to whether plaintiff's operation of his vehicle caused or contributed to the accident (*see, Migdol v Striker,* 215 AD2d 358). Additionally, defendants' liability should be considered and determined simultaneously with the

material, and overlapping, issue of whether the plaintiff was also culpable (*see*, *Enker v Slattery Constr. Co.*, 34 AD2d 673). Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.