■ Arelis Guzman et al., Appellants, v Schiavone Construction Co. et al., Respondents, et al., Defendants. [772 NYS2d 25]—

Order, Supreme Court, New York County (Milton Tingling, J.), entered February 6, 2003, which granted summary judgment dismissing the complaint as against defendants Schiavone Construction Co. and Bailey (Schiavone's operator), unanimously affirmed, without costs.

Plaintiffs, passengers in a car that rear-ended an attenuator truck with flashing yellow lights, which was parked in a construction zone in the left lane of the Harlem River Drive, sued the owner and operator of the truck, inter alia, for injuries sustained in the accident. The rule that a driver is required to maintain a safe distance between his vehicle and the one ahead (Vehicle and Traffic Law § 1129 [a]) imposes a duty to be aware of traffic conditions, including vehicle stoppages (*Johnson v Phillips*, 261 AD2d 269, 271 [1999]). A collision with a stationary vehicle amounts to prima facie evidence of negligence on the part of the operator of the moving vehicle (*id.*). That operator, being in the best position to explain whether the collision was due to reasonable cause, is obligated to explain how the accident occurred (*see Leal v Wolff*, 224 AD2d 392, 393 [1996]).

All the witnesses agreed that the truck was stationary, the moving vehicle was in good working condition, the weather was good and it was not raining. The construction site was visible from a distance. The statement by defendant Estevez (plaintiffs' driver) that he was not aware of the obstruction until he was "practically on top of the truck, when I hit him" is insufficient to rebut the presumption of negligence. Even assuming a simple

negligence standard as opposed to a standard of recklessness, no triable issue of fact has been raised regarding a nonnegligent explanation for the accident (*Johnson v Phillips, supra*).

We have considered plaintiffs' remaining contentions and find them to be unavailing. Concur—Nardelli, J.P., Mazzarelli, Ellerin and Friedman, JJ.