■ Celeste Thomas, Appellant, v City of New York, Respondent. [790 NYS2d 663]—

Order, Supreme Court, New York County (Marilyn Shafer, J.), entered June 23, 2003, which, in an action for personal injuries allegedly caused by a sidewalk defect, denied plaintiff's motion to set aside the jury's verdict finding that defendant City's negligence in maintaining the sidewalk was not a substantial factor in causing plaintiff's injury, unanimously affirmed, without costs.

A water-filled depression of the size depicted in the photographs, and the existence of a safe alternative route around the depression along the curb, fairly support a finding that plaintiff's attempt at a one-legged vault over the depression was so unsafe and unreasonable as to constitute the sole cause of

her accident (*cf. Schermerhorn v Warfield*, 213 AD2d 877 [1995]). Although plaintiff testified that a pile of garbage on one side of the depression and traffic in the street on the other side left her with no choice but to attempt to jump or stride over the depression, the jury apparently was not persuaded, and the evidence of a dangerous flow of traffic near the curb did not so preponderate in plaintiff's favor that a finding of a safe alternative route could not have been reached under any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Andrias, Friedman, Gonzalez and Sweeny, JJ.