■ MARIA JOSEFA JAVIER, Respondent-Appellant, v HENRY AUDETTE et al., Appellants-Respondents, et al., Respondents. [941 NYS2d 617]—

Orders, Supreme Court, Bronx County (John A. Barone, J.), entered September 19, 2011, which, in this personal injury action arising out of a multivehicle accident, denied the motion by defendants Audette Henry, sued herein as Henry Audette, and Darnell Lemuel for summary judgment dismissing the complaint and any cross claims against them, and denied plaintiff's mo-

tion for partial summary judgment on the issue of liability as against defendants Richard A. Milko, Jr. and Russell Reid Waste Hauling & Disposal Service Co., Inc. (collectively the Milko defendants), unanimously affirmed, without costs.

Defendants Henry and Lemuel failed to make a prima facie showing of entitlement to judgment as a matter of law, as the evidence they submitted did not establish the absence of a triable issue of fact as to whether Henry negligently operated the vehicle owned by Lemuel, and whether any negligence on Henry's part caused the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Indeed, Henry did not submit an affidavit or deposition testimony describing her account of the accident, and neither the police accident report nor defendant Milko's deposition testimony described Henry's conduct prior to the collision.

Although the vehicle operated by Milko and owned by Russell Reid rear-ended plaintiff's decedent's vehicle, plaintiff's motion for partial summary judgment was correctly denied. The deposition testimony of the police officer who investigated the accident raised an issue of fact as to whether plaintiff's decedent was driving under the influence of drugs and thereby caused or contributed to the accident (*see Tann v Herlands*, 224 AD2d 230, 230 [1996]). Concur—Andrias, J.P., Friedman, Acosta, Freedman and Richter, JJ.