■ CARLOS RODRIGUEZ, Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. [37 NYS3d 93]—

Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 22, 2014, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability, affirmed, without costs. Order, same court and Justice, entered November 12, 2013, which, to the extent appealed from as limited by the briefs, denied defendant's motion to strike the claim for lost earnings or, in the alternative, to compel plaintiff to provide copies of his tax returns and/or authorizations for such returns, affirmed, without costs.

In this case, we are revisiting a vexing issue regarding comparative fault: whether a plaintiff seeking summary judgment on the issue of liability must establish, as a matter of law, that he or she is free from comparative fault. This issue has spawned conflicting decisions between the judicial departments, as well as inconsistent decisions by different panels within this Department. The precedents cited by the dissent have, in fact, acknowledged as much. After a review of the relevant precedents, we believe that the original approach adopted by this Department, as well as that followed in the Second Department, which requires a plaintiff to make a prima facie showing of freedom from comparative fault in order to obtain summary judgment on the issue of liability, is the correct one.[1]

Under our comparative negligence system, a plaintiff's contributory fault may proportionally diminish his or her

---

1. The Fourth Department permits a plaintiff to obtain partial summary judgment on the issue of a defendant's negligence even if an open question exists regarding the plaintiff's comparative fault (*see Simoneit v Mark Cerrone, Inc.*, 122 AD3d 1246 [4th Dept 2014]).

recovery, but will not preclude recovery unless the plaintiff was solely at fault (CPLR 1411). Such "culpable conduct" on the part of a plaintiff "shall be an affirmative defense to be pleaded and proved by the party asserting the defense" (CPLR 1412). The issue that arises in the context of a summary judgment motion brought by a plaintiff on the issue of liability is whether, as the dissent posits, the motion should be granted and the issue of contributory negligence considered during the damages portion of the case or where the defendant raises an issue of fact with respect to the plaintiff's negligence and the plaintiff fails to show the absence of negligence on his or her part, the motion must be denied and that issue considered during the liability phase of the trial. As discussed herein, the latter is the fairer, and therefore the proper way to proceed.

It is important to note at the outset that "CPLR 1411 pertains to the damages ultimately recoverable by a plaintiff. It has no bearing, procedurally or substantively, upon a plaintiff's burden of proof as the proponent of a motion for summary judgment on the issue of liability" (*Roman v A1 Limousine, Inc.*, 76 AD3d 552, 553 [2d Dept 2010]). Just what that burden of proof is has been the issue causing the present contradictory decisions within the judicial departments.

The starting point of this analysis must be our decision in *Thoma v Ronai* (189 AD2d 635 [1st Dept 1993], *affd* 82 NY2d 736 [1993]). The plaintiff in *Thoma* was lawfully in a crosswalk when she was struck by the defendant's van. She moved for summary judgment on the issue of liability, and the motion was denied. We affirmed the denial on the basis that the plaintiff's failure to demonstrate that she exercised reasonable care in crossing the street, by looking before she began crossing the intersection, created an issue of fact as to whether she was free from comparative negligence as a matter of law, and thus that she did not meet her burden of proof on the motion. In affirming our decision, the Court of Appeals agreed that the "plaintiff did not satisfy her burden of demonstrating the absence of any material issue of fact" on the question of her freedom from comparative negligence and therefore did not meet her burden on proof on the motion (82 NY2d at 737).

The clear direction of *Thoma* is that a plaintiff may not be awarded partial summary judgment on the issue of a defendant's negligence if the defendant has raised an issue of fact as to the plaintiff's comparative negligence.

We have followed that guidance repeatedly since *Thoma* was decided. For example, in *Tann v Herlands* (224 AD2d 230 [1st Dept 1996]), which involved a rear-end collision, the plaintiff

moved for partial summary judgment on liability, and the motion was granted. We found that the plaintiff did not eliminate all factual issues as to her freedom from comparative negligence. Significantly, we held that "defendants' liability should be considered and determined simultaneously with the material, and overlapping, issue of whether . . . plaintiff was also culpable" (*id.* at 230-231), not, as the dissent contends herein, separately from defendants' liability.

In *Phillips v Cohn* (277 AD2d 40 [1st Dept 2000]), another rear-end collision case, we affirmed the denial of summary judgment based upon the fact that the plaintiff failed to eliminate issues of fact as to his comparative negligence.

In *Lopez v Garcia* (67 AD3d 558 [1st Dept 2009]), we reversed the grant of the plaintiff's motion for partial summary judgment on liability, finding that the plaintiff did not, as a matter of law, eliminate all issues of comparative negligence.

Most recently, in *Geralds v Damiano* (128 AD3d 550 [1st Dept 2015]), we affirmed the denial of the plaintiff's motion for partial summary judgment on the ground that the plaintiff did not eliminate issues with respect to whether he was stopped in a moving lane and whether his emergency flashers were engaged, i.e., his comparative negligence.

All of these cases were based on the guidance set out in *Thoma.*

The dissent contends that our departure from *Thoma* began with *Perez v Brux Cab Corp.* (251 AD2d 157 [1st Dept 1998]). However, the facts of *Perez* are markedly different from those in this case. In *Perez*, the defendants' cab ran a red light and struck the plaintiff's vehicle which was being lawfully operated at the time of the accident. We noted the complete failure of the defendants to present *any* facts in opposition to the plaintiffs' motion for partial summary judgment that would warrant a finding of comparative negligence on the plaintiffs' part. That is not the case here, where, as the dissent has acknowledged, defendant has indeed presented issues of fact as to plaintiff's comparative negligence.

The dissent also cites *Tselebis v Ryder Truck Rental, Inc.* (72 AD3d 198 [1st Dept 2010]) in support of its position. *Tselebis* is also distinguishable from this case.

In *Tselebis*, the defendant truck driver admitted that he entered the intersection against a red light due to faulty brakes, and struck the plaintiff who was on a motorcycle. There was no proof offered that the plaintiff was negligent in the operation of his motorcycle or as to the cause of the accident,

which was the reason that summary judgment on liability was granted to the plaintiff. The plaintiff also suffered memory loss as a result of the accident.

By contrast, in the present case, plaintiff was injured when a sanitation truck backed into a Toyota Prius that then struck plaintiff. Defendant claims that plaintiff, an employee of defendant, while working outside the sanitation garage, was not supposed to walk behind a sanitation truck moving in reverse, and thus contributed to the cause of the accident. At his deposition, plaintiff testified that as the truck was backing up slowly, he was walking towards the front of the Prius, which was stationed behind the moving truck. Plaintiff stated that he took approximately 10 steps forward before the impact. It would appear that plaintiff was injured while walking behind a truck slowly moving backwards which he was not supposed to do. There is no evidence in the record that plaintiff was merely "standing" in front of the Prius when he was struck, as asserted by the dissent. Further, the evidence shows that the truck was moving in reverse at approximately five miles per hour when it skidded on snow/ice and struck the Prius. Under this factual scenario, the trier of fact could determine that defendant was free from negligence and that plaintiff was 100% at fault in causing his injuries.

The Second Department has consistently applied *Thoma* to deny partial summary judgment to a plaintiff who fails to establish that he or she was free from negligence (*Roman v A1 Limousine, Inc.*, 76 AD3d 552 [2d Dept 2010]; *Derieux v Apollo N.Y. City Ambulette, Inc.*, 131 AD3d 504 [2d Dept 2015]; *Jones v Pinto*, 133 AD3d 634 [2d Dept 2015]). The Court stated in *Roman* that CPLR 1411 "has no bearing, procedurally or substantively, upon a plaintiff's burden of proof as the proponent of a motion for summary judgment on the issue of liability" (76 AD3d at 553), a statement with which we fully agree.

Significantly, as the Court in *Jones* noted, "The issue of comparative fault is generally a question for the trier of fact" (133 AD3d at 635); this supports the argument that the issue of comparative fault should not be considered separately as to the defendant and the plaintiff.

In *Calcano v Rodriguez* (91 AD3d 468, 468 [1st Dept 2012]), this Court held, "The plaintiff in a negligence action cannot obtain summary judgment as to liability if triable issues remain as to the plaintiff's own negligence and share of culpability for the accident" (citing *Thoma*, 82 NY2d at 737). We went on to state that "*Thoma*, instructs us simply to deny summary judgment to a negligence plaintiff who cannot

eliminate all issues as to his or her comparative fault" (*id.* at 470).

In *Maniscalco v New York City Tr. Auth.* (95 AD3d 510 [1st Dept 2012]), the question before us was, "where there is evidence in the pretrial record that more than one party's negligence may have caused the injury, is it appropriate for a court to rule as a matter of law that one of [the] parties caused the injury? Under *Thoma*, the answer to th[e] question is 'no' " (95 AD3d at 512-513). Significantly, we went on to state that, given the holding in *Thoma*, "the causal role of each party's conduct should not be determined in isolation" (*id.* at 513).

This makes sound legal and practical sense. As noted by Professor Alexander: "Conceptually, any amount of negligence by a defendant could trigger his or her liability, and CPLR 3212 (e) allows for the entry of partial summary judgment as to any part of a cause of action. But few, if any, litigation efficiencies are achieved by the entry of partial summary judgment in this context because the defendant would still be entitled, at trial, to present an all-out case on the plaintiff's culpable conduct. Furthermore, it is possible that a jury might find plaintiff's culpability to be the sole proximate cause of the accident if the issues of the defendant's liability and the plaintiff's comparative fault are seen, in the words of the dissent in [*Johnson v New York City Tr. Auth.* (88 AD3d 321, 332 [1st Dept 2011])] 'as an integrated whole.' " (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1412.)

The dissent's view that a plaintiff's negligence should be considered during a trial on damages is problematic in the sense that a defendant is essentially entering the batter's box with two strikes already called.[2] A jury would be instructed that the issue of a defendant's liability was settled and that it could only consider the plaintiff's conduct as it affected the amount of damages to be recovered. Even in the unlikely event that a defendant was allowed to, as Professor Alexander states, "present an all-out case on the plaintiff's culpable conduct," this would defeat the purpose of granting summary judgment on the issue of liability vis-à-vis CPLR 1411. (*Id.*) This again

---

**2.** The dissent contends that this is a misstatement of its position and that "the matter should be remanded first for a trial on *liability*, during which the jury would consider the conduct of both parties and apportion fault accordingly." However, under this scenario, a defendant's liability would already have been determined by the grant of partial summary judgment. A plaintiff's liability would be the only issue and that liability, under New York comparative negligence statutory scheme, merely affects the amount of damages to be awarded, if any.

highlights the problem created by conflating the comparative negligence statutory scheme with the procedural requirements of a motion for summary judgment.

Moreover, such bifurcation of resolutions of the issue of liability between the parties runs counter to the guidance given in the Pattern Jury Instructions. PJI 2:36, 2:36.1 and 2:36.2, as well as the comments thereto, provide that, in either a bifurcated or a full trial on liability and damages in a comparative negligence case, a jury must be given instructions as to the defendant's liability and the plaintiff's liability at the same time (*see* 1A NY PJI3d 2:36 at 327-347 [2016]). This avoids a complicated jury instruction and allows the jury to consider the actions of both parties as a whole in making their determination (*see Tann v Herlands*, 224 AD2d 230 [1996]).

We do not agree with our dissenting colleague that our decision today ignores the intent of CPLR article 14-A. It does not, as the dissent contends, bar recovery to a plaintiff who may have some liability for causing the incident in question. It is clear that the burden of proving the affirmative defense of comparative negligence at trial remains on the defendant. The dissent essentially acknowledges as much (*see Gonzalez v ARC Interior Constr.*, 83 AD3d 418 [1st Dept 2011]). However, our colleague takes the curious position that here, "where plaintiff met his prima facie burden of establishing defendant's negligence as a proximate cause of the injury, and defendant failed to raise triable issues of fact with respect to its own negligence, *but successfully raised triable issues of fact as to comparative negligence on the part of plaintiff*," summary judgment on the issue of liability should be granted as a matter of law to the plaintiff (emphasis added). Under this interpretation, any liability on the part of a defendant would be sufficient to warrant the granting of summary judgment to a plaintiff, with the issue of comparative negligence to be addressed at a trial on damages only. As discussed above, such a procedure is contrary to the concept set forth in the PJI, Professor Alexander's commentaries, and our holdings in *Johnson v New York City Tr. Auth.* (88 AD3d 321 [1st Dept 2011]) and *Maniscalco v New York City Tr. Auth.* (95 AD3d 510 [2012]) that "the causal role of each party's conduct should not be determined in isolation" (*id.* at 513). In this regard, Professor Alexander's observation bears repeating, that "a jury might find plaintiff's culpability to be the sole proximate cause of the accident" where the issues are tried as a whole (Vincent C. Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1412). By finding, as a matter of law, that a defendant is at

fault, the court denies the jury the opportunity to determine the issue of proximate cause.

We agree that the concepts of comparative negligence and sole proximate cause are two distinct defenses which must be pleaded and proved. However, where, as here, an issue of fact as to the plaintiff's comparative negligence has been raised, and the plaintiff has not negated the presence of comparative liability on his or her part, the plaintiff's motion for summary judgment must be denied. This does not prevent a plaintiff from establishing the degree of defendant's liability at a trial; nor does it prevent the plaintiff from minimizing his or her own liability. Rather, it gives both parties a fair opportunity to present their evidence in a unified manner in order to give the jury a complete picture of the incident, the facts of which it must determine.

This, of course, is not to say that under appropriate facts, a plaintiff would not be entitled to summary judgment on the issue of liability (*see e.g. Perez v Brux Cab Corp.*, 251 AD2d 157 [1998]). The facts of this case, however, do not warrant such a result.

Defendants' moved to strike plaintiff's claim for lost earnings for failing to provide authorizations for and copies of his tax returns or in the alternative, to compel plaintiff to respond to defendant's demand and provide it with copies of his tax returns and authorizations therefor for the period from two years preceding the date of the accident until the present. However, defendant has made no showing that the information it seeks is not available from alternative sources, even though it does not dispute that plaintiff provided it with authorizations for his employment, pension, and medical records (*see Tullett & Tokyo Forex v Linker*, 226 AD2d 182 [1st Dept 1996]). Concur—Tom, J.P., Sweeny, and Andrias.

Acosta and Moskowitz, JJ., dissent in part in a memorandum by Acosta, J., as follows: This appeal calls upon us to define the parameters of a negligence plaintiff's prima facie burden as the movant for partial summary judgment on the issue of liability, and to decide whether partial summary judgment may be granted as to liability where the defendant fails to raise issues of fact regarding its own negligence, but raises issues of fact regarding the plaintiff's comparative negligence. As I stated in *Capuano v Tishman Constr. Corp.* (98 AD3d 848 [1st Dept 2012, Acosta, J., concurring]), "I would hold that a plaintiff does not have th[e] burden [of disproving the affirmative defense of comparative negligence]. Once a prima facie showing [of defendant's negligence] is made, the burden shifts

to the defendant to raise issues of fact, such as by submitting evidence in support of an affirmative defense" (*id.* at 852). The affirmative defense of comparative negligence is a partial defense that does not bar a plaintiff's recovery, but merely reduces the amount of damages in proportion to the plaintiff's culpable conduct, if any, that contributed to causing the injury (CPLR 1411, 1412). That is, the comparative negligence doctrine does not bear upon *whether* a defendant is liable; rather, it bears upon the extent of the defendant's liability, where both the defendant and the plaintiff engaged in culpable conduct resulting in the injury. This is distinct from other complete defenses, such as the sole proximate cause defense, through which a defendant may be entirely absolved of liability.

Therefore, where a defendant raises issues of fact as to the plaintiff's prima facie showing of defendant's negligence—for example, by presenting facts from which a jury could reasonably conclude that the plaintiff's conduct was so egregious or unforeseeable as to constitute the sole proximate cause of the injury—the plaintiff will not be entitled to partial summary judgment, because the defendant might be absolved of liability. However, where a defendant fails to raise issues of fact as to his or her own negligence, but succeeds in raising issues of fact as to the plaintiff's comparative negligence, partial summary judgment on liability with respect to *defendant's* negligence is warranted, because the defendant will be liable to the extent his or her misconduct proximately caused the injury (*see Calcano v Rodriguez*, 91 AD3d 468, 472 [1st Dept 2012, Catterson, J., concurring]). Nevertheless, the affirmative defense of comparative negligence will remain at issue, so the defendant should be permitted to argue for an apportionment of liability during a subsequent trial on liability and damages (*cf. Gonzalez v ARC Interior Constr.*, 83 AD3d 418 [1st Dept 2011]).

In this case, where plaintiff met his prima facie burden of establishing defendant's negligence as a proximate cause of the injury, and defendant failed to raise triable issues of fact with respect to its own negligence, but successfully raised triable issues of fact as to comparative negligence on the part of plaintiff, I would grant plaintiff's motion for partial summary judgment on the issue of liability (finding defendant negligent as a matter of law) and remand for a jury to determine (1) the percentage of liability attributable to each party, if it finds that plaintiff engaged in any culpable conduct that proximately caused the injury and (2) the total amount of damages (which the court would then reduce in proportion to plaintiff's share of liability, if any, as previously determined by the jury).

This result is warranted by the comparative fault provisions of the CPLR, the case law, the Pattern Jury Instructions, and the record evidence. I therefore part company with the majority's view that plaintiff had the prima facie burden of proving freedom from comparative negligence, and that he was not entitled to partial summary judgment on the issue of liability. However, in recognition of the "discrepant decisions in this Department, [and] concomitant confusion to the bar" (*Capuano*, 98 AD3d at 854), I agree that the issue "calls for resolution by the Court of Appeals" (*Maniscalco v New York City Tr. Auth.*, 95 AD3d 510, 514 [1st Dept 2012]).[1]

## I. Facts and Background

On a snowy day in January 2011, plaintiff and two coworkers, employees of defendant New York City's Department of Sanitation (DOS), were tasked with placing tire chains on sanitation trucks to provide better traction in the snow. While plaintiff was waiting for his coworkers to bring another truck into the garage for outfitting with chains, he walked towards the garage, between a parked car and a rack of tires. Plaintiff allegedly suffered injuries when his coworkers backed the truck into the parked car, which was propelled into him. The driver testified that, as he moved the truck in reverse, the "guide man" stood on the driver's side (he should have been guiding from the passenger's side, according to an accident report by a DOS safety officer) and gave an abrupt signal to stop, at which point the driver hit the brakes hard enough that he "jerked the truck" and slid into the car. The guide man testified that he started signaling from the passenger's side, as required, and moved to the driver's side only after it appeared that the driver was unable to see him signaling to stop. The guide man further testified that he signaled several times to stop, but the driver did not brake until the guide man moved to the driver's side and began waving his arms and yelling.

Plaintiff testified that he was walking between the rack of tires and the front of the parked car as the truck was backing up, and that he heard the truck beeping as it did so. He did not, however, attempt to keep the truck in view because he could not see it as he was walking towards the garage and in front of the parked car. When the driver hit the brakes, the truck slid and struck the rear of the parked car, which slid into plaintiff, pinning him between the front of the car and a rack

---

**1.** For the reasons stated by the majority, I agree that the motion court properly denied defendant's motion to strike plaintiff's claim for lost earnings or, alternatively, to compel plaintiff to provide copies of his tax returns and/or authorizations for such returns.

of tires. He landed with his back on the hood of the car, and suffered resulting injuries.

Plaintiff commenced this action and, after discovery, moved for partial summary judgment on the issue of liability, arguing that the record established that defendant's employees were solely responsible for the accident and that their failure to maintain control of the truck constituted a prima facie case of negligence. Plaintiff also argued that there was no evidence indicating that he was comparatively negligent, because at the time of the accident he was standing in an area where he was permitted to be and was in a position of ostensible safety (according to an affidavit by plaintiff's expert, a retired DOS safety officer). Defendants opposed the motion, arguing, inter alia, that there were triable issues of fact as to whether plaintiff was free from comparative fault. The motion court denied plaintiff's motion for partial summary judgment on the issue of liability, finding, inter alia, that, even if the evidence established defendant's negligence, the question of plaintiff's comparative fault "must be resolved at trial." As authority for this conclusion, the court cited *Thoma v Ronai* (82 NY2d 736, 737 [1993]).

Plaintiff appeals.

## II. Discussion

A plaintiff's burden as the movant for summary judgment is to "make a prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). "To establish a prima facie case of negligence, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom" (*Solomon v City of New York*, 66 NY2d 1026, 1027 [1985]). "[I]t is not plaintiff's burden to establish defendants' negligence as the sole proximate cause of his injuries in order to make out a prima facie case" (*Pace v Robinson*, 88 AD3d 530, 531 [1st Dept 2011] [internal quotation marks omitted]). Rather, a plaintiff carries its burden by " 'generally show[ing] that the defendant's negligence was a *substantial cause* of the events which produced the injury' " (*Tselebis v Ryder Truck Rental, Inc.*, 72 AD3d 198, 200 [1st Dept 2010], quoting *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 315 [1980] [emphasis added]; *see also Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507, 520 [1980], citing, inter alia, Restatement [Second] of Torts § 430).

If a plaintiff establishes a prima facie case of negligence, "the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form

sufficient to establish the existence of material issues of fact which require a trial of the action" (*Alvarez*, 68 NY2d at 324). "It is incumbent upon a defendant who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his answer are real and are capable of being established upon a trial" (*Middle States Leasing Corp. v Manufacturers Hanover Trust Co.*, 62 AD2d 273, 276 [1st Dept 1978], quoting *Di Sabato v Soffes*, 9 AD2d 297, 301 [1st Dept 1959]). "It is not requisite for plaintiff in order to recover summary judgment to demonstrate the inadequacy of each and every defense raised. The burden of proving such defense rests with the defendant" (*id.*).

A. Comparative fault is an affirmative defense, not a part of plaintiff's prima facie burden as movant for summary judgment.

With these principles in mind, I disagree with the majority's holding that, although comparative fault is an affirmative defense to be pleaded and proved by a defendant (CPLR 1412), a plaintiff must disprove that defense in order to obtain partial summary judgment on the issue of liability. The majority apparently believes that a substantive part of a plaintiff's prima facie case is to prove freedom from comparative negligence.[2] Yet the evolution of the doctrine proves otherwise.

New York's comparative negligence statute was enacted in 1975 as article 14-A of the CPLR. The purpose of the article is "to permit partial recovery in cases in which the conduct of each party is culpable" (*Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 167 [1985], quoting 21st Ann Rep of NY Jud Conf at 241 [1976]). To that end, CPLR 1411 provides that "[i]n any action to recover damages for personal injury . . . the culpable conduct attributable to the claimant . . . , including contributory negligence . . . , *shall not bar recovery*, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant . . . bears to the culpable conduct which caused the damages" (emphasis added). CPLR

---

**2.** I use the interchangeable terms "comparative negligence" and "comparative fault" herein, as those terms have been used in this Court's decisions on the issue (*see e.g. Maniscalco*, 95 AD3d 510; *see also* 1A NY PJI3d 2:36 at 327-347 [2016]).However, the Court of Appeals has noted that "what the statute requires comparison of is not negligence but conduct which, for whatever reason, the law deems blameworthy, in order to fix the relationship of each party's conduct to the injury sustained and the damages to be paid by the one and received by the other as recompense for that injury. Comparative causation is, therefore, the more accurate description of the process" (*Arbegast v Board of Educ. of S. New Berlin Cent. School*, 65 NY2d 161, 168 [1985]).

1412 makes comparative negligence "an affirmative defense to be pleaded and proved by the party asserting the defense."

The comparative negligence statute replaced the common-law rule of contributory negligence, under which plaintiffs (in negligence actions other than for wrongful death) were completely barred from recovery if their own negligence contributed to the injury even in the "slightest degree" (*Arbegast*, 65 NY2d at 165). "The theory was that plaintiff's negligence was an intervening cause, which broke the causal connection between the defendant's negligent act and plaintiff's injury" (*id.*). Although "[t]he great majority of the courts [held] that the burden of pleading and proof of the contributory negligence of the plaintiff [was] on the defendant" (Restatement [Second] of Torts § 477, Reporter's Notes), New York had long been among the minority of jurisdictions that held otherwise (*see Arbegast*, 65 NY2d at 165; *Fitzpatrick v International Ry. Co.*, 252 NY 127, 133-134 [1929] [describing plaintiff's burden of proving freedom from contributory negligence as "more than a mere burden of proof" and instead "a substantive part of the plaintiff's right to recover"]; *Stone v Dry Dock, E. Broadway & Battery Ry. Co.*, 115 NY 104, 111 [1889]).

The Legislature's adoption of CPLR article 14-A changed that, placing the burden of proving comparative negligence on defendants (CPLR 1412; *see also* 1 Weinstein-Korn-Miller, CPLR Manual § 11.06 at 11-9 [3d ed 2015] ["With the establishment of the doctrine of comparative liability, the rule that a plaintiff suing in negligence has the burden of proving freedom from contributory negligence no longer obtains"]). The new rule made New York a "pure comparative negligence" jurisdiction, in which plaintiffs are entitled to damages reduced by their proportion of the fault that caused the accident; for example, even a plaintiff who is 99% at fault would theoretically be entitled to recover 1% of the damages.

In light of the overarching purpose of article 14-A, I adhere to the view that "the plaintiff never has the burden to demonstrate that he or she is free from negligence once a defendant asserts the defense [of comparative negligence]" (*Capuano*, 98 AD3d at 853). A plaintiff's prima facie burden on summary judgment is to show the *defendant's* negligence; that burden does not require a showing of freedom from comparative fault. To place that burden on a plaintiff would be to revert to the days of contributory negligence, and to disregard the Legislature's adoption of article 14-A (*see id.* ["To require that a plaintiff demonstrate that he or she is free of comparative fault

would render the statute meaningless and inconsistent with direct legislative guide"]).

Contrary to the majority's view, my position is consistent with the Court of Appeals' decision in *Thoma v Ronai*. In that 1993 case, the Court of Appeals affirmed this Court's denial of summary judgment to a plaintiff whose "concession that she did not observe the vehicle that struck her raise[d] a factual question of her reasonable care" (82 NY2d at 737). But the Court of Appeals said nothing about whether a plaintiff's prima facie burden includes disproving the affirmative defense of comparative fault; nor did it address the import of CPLR 1411 and 1412. The Court simply held that the plaintiff was not entitled to summary judgment because the record presented issues of fact as to her own fault; it never ruled that she failed to satisfy her prima facie burden of establishing defendant's negligence (*see Capuano*, 98 AD3d at 852 [Acosta, J., concurring, discussing *Thoma*]).

Moreover, the majority's continued reliance on this Court's decision in *Thoma* (189 AD2d 635 [1st Dept 1993], *affd* 82 NY2d 736 [1993]) to hold that it is a plaintiff's burden to establish freedom from comparative fault is unfounded. First, like the Court of Appeals in *Thoma*, this Court did not consider the statutory provisions of article 14-A. It therefore misconstrued plaintiffs' prima facie burden on summary judgment, and instead held that "summary judgment was properly denied since a failure to yield the right of way does not ipso facto settle the question of whether the other party was herself guilty of negligence" (*id.* at 635-636). For that holding, the Court relied on the Third Department case of *Schmidt v Flickinger Co.* (88 AD2d 1068 [3d Dept 1982], *appeal withdrawn* 58 NY2d 655 [1982]) and the First Department case of *Pecora v Marique* (273 App Div 705 [1st Dept 1948]), both of which are problematic.

The problem with the *Thoma* Court's reliance on *Schmidt* is that *Schmidt* based its reasoning on *contributory* negligence cases, thereby improperly placing the burden of proving freedom from comparative negligence on the plaintiff (88 AD2d at 1069, citing *Wartels v County Asphalt*, 29 NY2d 372 [1972]; *Cosentino v Consolidated Edison Co. of N.Y.*, 62 AD2d 1028 [2d Dept 1978]).[3] Similarly, the problem with the *Thoma* Court's reliance on *Pecora* is that the case was decided in 1948, long before the comparative negligence statute was adopted, so it too applied the outdated contributory negligence standard.

---

**3.** Although *Cosentino* was decided in 1978, the Court noted that the "[p]laintiff was injured on November 2, 1972" (62 AD2d at 1029). Thus, the Court would have applied the old contributory negligence standard, since the

By 1998, this Court had apparently recognized the error of its decision in *Thoma*, and it began to apply the proper burden-shifting comparative negligence standard, as evidenced in *Perez v Brux Cab Corp.* (251 AD2d 157 [1st Dept 1998]). In that case, a unanimous panel of this Court reversed a denial of partial summary judgment on the issue of liability, where the plaintiffs established a prima facie case of negligence, and the defendants "presented only unsubstantiated assertions and speculation that plaintiffs may have breached a duty of care" (251 AD2d at 159). Several of our subsequent decisions have also applied the comparative negligence standard and reached the same or a similar result (*see e.g. Tselebis*, 72 AD3d at 201 [reversing denial of plaintiff's motion for partial summary judgment on liability where record established defendant's negligence and defendant offered "only speculation" regarding comparative negligence]; *Pace v Robinson*, 88 AD3d 530 [1st Dept 2011]; *Gonzalez v ARC Interior Constr.*, 83 AD3d 418 [2011]; *Strauss v Billig*, 78 AD3d 415 [1st Dept 2010], *lv dismissed* 16 NY3d 755 [2011]). The majority's attempt to distinguish *Perez* and *Tselebis* on their facts does not alter the fact that, in those cases, this Court recognized that a plaintiff's prima facie burden does not encompass the issue of comparative negligence.

Although some of our recent decisions have gone backwards, relying on *Thoma* to place the prima facie burden on plaintiffs to establish their freedom from comparative fault (*see e.g. Maniscalco*, 95 AD3d 510; *Calcano v Rodriguez*, 91 AD3d 468 [1st Dept 2012]), in other recent decisions this Court has continued to apply the correct standard, recognizing that proof of freedom from comparative fault is not part of plaintiffs' prima facie burden (*see e.g. Santos v Booth*, 126 AD3d 506, 506 [1st Dept 2015] [affirming grant of summary judgment as to liability where plaintiff established prima facie negligence and defendants "failed to come forward with an adequate non-negligent explanation for the accident" or "raise[ ] a triable issue of fact as to comparative negligence"]).

In any event, *Thoma* has not received the widespread reliance that the majority suggests. *Tann v Herlands* (224 AD2d 230 [1st Dept 1996]), for example, did not "follow[ ] [*Thoma's*] guidance," as the majority would have it. In fact, *Tann* did not mention or cite *Thoma*. Rather, the *Tann* Court cited a pre-comparative negligence Second Department case from 1970,

doctrine of comparative negligence applies to causes of action accruing on or after September 1, 1975 (CPLR 1413).

stating that "defendants' liability should be considered and determined simultaneously with the material, and overlapping, issue of whether the plaintiff was also culpable" (*id.* at 230-231, citing *Enker v Slattery Constr. Co.*, 34 AD2d 673 [2d Dept 1970]). *Phillips v Cohn* (277 AD2d 40 [1st Dept 2000]) did not mention *Thoma* either, and instead cited the unhelpful *Tann*. Nor does *Lopez v Garcia* (67 AD3d 558 [1st Dept 2009]) stand for the proposition that a plaintiff's prima facie case requires freedom from comparative negligence; in that case, the Court "assum[ed], arguendo, that plaintiff satisfied her initial burden on the motion" for summary judgment and (like the Court of Appeals in *Thoma*) denied the motion because "[i]ssues of fact as to plaintiff's comparative negligence [were] raised by" the record evidence (*id.* at 558).

Similarly, in the recent case of *Geralds v Damiano* (128 AD3d 550 [1st Dept 2015]), in a split decision, the Court denied the plaintiff's motion for summary judgment, but said nothing about whether that result was due to the plaintiff's failure to establish prima facie entitlement to judgment. It only said that summary judgment was unwarranted because "issues of fact exist[ed] regarding plaintiff's comparative negligence and whether his acts also proximately caused the accident" (*id.* at 551). Justice Moskowitz dissented, writing that "[d]espite the majority's finding otherwise, the record contains no issues of material fact sufficient to defeat plaintiff's motion for summary judgment" (*id.* at 552). The dissent's analysis in *Geralds* also appears to recognize that a plaintiff's prima facie burden does not encompass comparative negligence: It stated initially that the "plaintiff's moving papers amply demonstrate[d] [the] defendant['s] negligence," and then that the "defendant's opposition papers d[id] not present any genuinely conflicting evidence regarding" the plaintiff's negligence (*id.*).

The majority fails to address the above analysis showing that many of the cases on which it relies do not discuss or even cite *Thoma*. Nor could it do so in good faith, because the fact remains that *Thoma* has not been followed to the extent indicated by the majority.

Thus, I would reject the reasoning of the *Thoma / Tann / Calcano* line of First Department cases and instead follow the guidance of *Perez*, which appropriately recognized that a plaintiff's prima facie burden on summary judgment does not include a showing of freedom from comparative negligence. It is incorrect to say, as the majority does, that CPLR 1411 has "no bearing" on a plaintiff's burden of proof as a proponent of summary judgment on liability (quoting *Roman v A1 Limou-*

*sine, Inc.*, 76 AD3d 552, 553 [2d Dept 2010]).[4] CPLR 1411 must be read together with CPLR 1412, which states that comparative negligence is an affirmative defense to be pleaded and proved by the defendant. As with affirmative defenses in general, the defendant bears the burden of raising triable issues of fact in response to a plaintiff's prima facie showing of entitlement to summary judgment (*see Capuano*, 98 AD3d at 853; *Bercy Invs. v Sun*, 239 AD2d 161 [1st Dept 1997]).

Here, plaintiff established a prima facie case of defendant's negligence by showing that his coworkers breached a duty of care owed to him and that their breach of that duty proximately caused his injuries (*see Solomon v City of New York*, 66 NY2d 1026 [1985]). Based on the driver's testimony, the guide man was signaling from the wrong side of the truck, and abruptly signaled to stop, causing the driver to slam on the brakes and skid into the parked car. Based on the guide man's testimony, he was signaling from the correct side and only moved to the other side upon realizing that the driver was not responding to his repeated signals to stop, at which point it was too late, and the driver hit the brakes and skidded into the car. Despite apparent conflicts in the coworkers' testimonies, either account establishes a prima facie case of negligence. That each coworker essentially blames the other is insufficient to absolve defendant of negligence, where the coworkers (as defendant's employees) acted in tandem to cause plaintiff's injury. Since defendant concedes that "collision with a parked vehicle does generally establish a prima facie case of negligence" and has failed to provide an adequate nonnegligent explanation for plaintiff's coworkers' failure to operate the truck safely while accounting for the weather and road conditions, plaintiff established prima facie his entitlement to summary judgment on the issue of defendant's liability (*see* Vehicle and Traffic Law § 1211 [a]; *Williams v Kadri*, 112 AD3d 442, 443 [1st Dept 2013]; *Renteria v Simakov*, 109 AD3d 749 [1st Dept 2013]; *LaMasa v Bachman*, 56 AD3d 340 [1st Dept 2008]).

B. Plaintiff is entitled to summary judgment on liability as to defendant's negligence, notwithstanding issues of fact as to comparative negligence

In response to a plaintiff's prima facie showing of a defendant's negligence, the defendant may raise triable issues of fact by submitting evidence from which a jury could reasonably

4. I would not follow the Second Department's reasoning in *Roman*. The Court's decision not to follow *Tselebis* was based on its reading of the Court of Appeals' decision in *Thoma*, which, as discussed above, was silent on whether a plaintiff's prima facie burden includes disproving the affirmative defense of comparative negligence.

conclude (1) that the defendant was nonnegligent (either because there was no duty owed, no breach of duty, or no proximate causal relationship between the defendant's misconduct and the plaintiff's injury) and/or (2) that the plaintiff was comparatively negligent. If the defendant fails on both counts, there can be no doubt that the plaintiff is entitled to summary judgment on liability, because the defendant's negligence has been established as a matter of law, and there is no triable question of comparative fault.

But what result should obtain where, in response to a plaintiff's prima facie showing, the defendant succeeds in raising triable issues of fact with respect to the plaintiff's culpable conduct? This is an issue that was not reached in *Capuano*. The majority in this case believes that the "clear direction of *Thoma* is that a plaintiff may not be awarded partial summary judgment on the issue of a defendant's negligence if the defendant has raised an issue of fact as to the plaintiff's comparative negligence." I disagree. As discussed above, *Thoma* did not address the import of CPLR article 14-A, and reading its holding so broadly would be contrary to the purpose of the statute, which is to permit partial recovery where both parties engaged in culpable conduct that caused the plaintiff's injury. Accordingly, I would hold that *partial* summary judgment on the issue of liability could be granted, i.e., the *defendant* could be found negligent as a matter of law, and the matter remanded for a jury to apportion fault and determine damages (*see Calcano v Rodriguez*, 91 AD3d at 472). This result is appropriate where, as here, a jury could not reasonably conclude that the plaintiff's culpable conduct, if any, was so egregious or unforeseeable as to constitute the sole proximate cause of the injury (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 492 [2006]).

The majority acknowledges that "[u]nder our comparative negligence system, a plaintiff's contributory fault may proportionally diminish his or her recovery, but will not preclude recovery unless the plaintiff was solely at fault" (citing CPLR 1411).[5] From this proposition it logically follows that, under CPLR 1411, a plaintiff who is not solely at fault must be entitled to some amount of recovery, albeit an amount that is diminished in proportion to his or her culpable conduct. Thus, partial summary judgment where the plaintiff is not solely at

---

5. There are a few other complete bars to recovery not applicable here, such as where a plaintiff's conduct constitutes a serious violation of law directly resulting in the injuries, and express and primary assumption of risk (1A NY PJI3d 2:36 at 328-329 [2016]).

fault is warranted, because it prevents a jury from erroneously barring the plaintiff's recovery.

The sole proximate cause defense is a complete defense to a plaintiff's case in chief, whereby a defendant may be entirely absolved of liability if the plaintiff's conduct was "so egregious or unforeseeable" as to break the causal nexus between defendant's breach of duty and the injury (*see Soto*, 6 NY3d at 492; Black's Law Dictionary [10th ed 2014], sole cause). That is, because the plaintiff's prima facie case of the defendant's negligence includes a showing of proximate causation (*see Solomon*, 66 NY2d at 1027), it would be better to evaluate at that point whether the plaintiff's culpable conduct (or some other cause) was the sole proximate cause of the injury. If the plaintiff's conduct were the *sole* proximate cause, the doctrine of comparative negligence would be inapplicable: There would be no basis on which to compare the parties' relative degrees of fault, and thus no need to charge the jury on comparative negligence (*see Exxon Co., U. S. A. v Sofec, Inc.*, 517 US 830, 837-838 [1996], quoting 1 T. Schoenbaum, Admiralty and Maritime Law § 5-3 at 165-166 [2d ed 1994] ["Superseding cause operates to cut off the liability of an admittedly negligent defendant, and there is properly no apportionment of comparative fault where there is an absence of proximate causation"]; Black's Law Dictionary [10th ed 2014], sole cause ["(I)f something other than (defendant's) act was the sole cause of the harm there need be no further inquiry so far as he (or she) is concerned" (internal quotation marks omitted)]; Restatement [Third] of Torts: Apportionment of Liability § 8, Comment *c* ["factors (in assigning percentages of responsibility) are irrelevant . . . to apportionment if there is no causal connection between the referenced conduct and the plaintiff's injuries"]).

By contrast, the affirmative defense of comparative negligence is a partial defense that does not excuse a defendant's liability, but reduces a plaintiff's damages where both parties are at fault (*see* CPLR 1411; Black's Law Dictionary [10th ed 2014], partial defense ["A defense going . . . toward mitigation of damages"]). Comparative negligence, therefore, operates only when the defendant's negligence is established (or conceded) and the plaintiff's fault is also at issue. It is not a defense by which a defendant can be absolved of liability. Once the plaintiff has successfully proven that the defendant's conduct was *a proximate cause* of the injury, any fault on the part of the plaintiff might be an *additional* proximate cause of the injury, but cannot logically be the sole proximate cause of it (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d

280, 290 [2003] ["(I)f (an employer's) statutory violation (of Labor Law § 240 [1]) is a proximate cause of an injury, the plaintiff cannot be solely to blame for it"]).

Here, as discussed above, plaintiff made a prima facie showing of defendant's negligence by demonstrating that his coworkers failed to properly account for the snowy conditions, disregarded proper signaling protocols, and backed a sanitation truck into a parked car, which slid into him. In response to plaintiff's prima facie showing, defendant failed to present evidence that would permit a rational jury to entirely exculpate it from liability by finding plaintiff to be the sole proximate cause of his injuries. There is no reasonable view of the facts in which plaintiff's conduct could be deemed "so unsafe and unreasonable as to constitute the sole cause of [the] accident" (*Thomas v City of New York*, 16 AD3d 203, 203-204 [1st Dept 2005]; *see also Soto*, 6 NY3d at 492 ["plaintiff's conduct, although a substantial factor in causing the accident, was not so egregious or unforeseeable that it must be deemed a superseding cause of the accident absolving defendant of liability"]). Indeed, plaintiff was permitted to be in the location where he was walking before the accident occurred—waiting outside the garage as the next truck was being brought in—so it was entirely foreseeable that he would be there. Plaintiff's coworkers—the driver and guide man—also testified that it was a normal occurrence for workers to walk around that area, and that they would not have been surprised to find plaintiff there. Moreover, it was not so egregious for plaintiff to presume that, because he was walking behind the opposite end of a parked car, he was in a place of apparent safety.

To be sure, defendant raised triable issues of fact with respect to plaintiff's comparative fault. It pointed out, for example, that plaintiff heard the truck beeping but did not attempt to observe it as it backed up. From this evidence, a jury could reasonably conclude that plaintiff bears *some* responsibility for the accident. But a reasonable jury could not find that he bears 100% of the fault.

It is fiction to suggest that plaintiff's conduct could be deemed the sole proximate cause in this case. In fact, plaintiff's conduct, while perhaps culpable to some extent, is surely less culpable than the conduct of plaintiffs who have been found to be the sole proximate cause of their injuries (*see e.g. Thomas*, 16 AD3d at 203 ["attempt at a one-legged vault over (sizeable, water-filled) depression," given the "existence of a safe alternative route around (it)," was "so unsafe and unreasonable" as to constitute sole cause]). His culpability even falls below that of

the plaintiff in *Soto*, who the Court determined was *not* the sole proximate cause of his injuries (*see* 6 NY3d at 492 [plaintiff's "undeniably reckless" conduct of entering subway catwalk after consuming several alcoholic beverages and running in attempt to catch train was "not so egregious or unforeseeable" as to constitute sole proximate cause, even where "jury appropriately . . . determined that (plaintiff) bore a far greater share of the fault"]). In short, the majority fails to adequately explain how a jury could reasonably determine that plaintiff's conduct—walking behind the opposite end of a parked car from a truck that was backing up in his direction—could be considered so unsafe, unreasonable, egregious, or unforeseeable as to constitute the sole proximate cause of his injuries.

Therefore, because defendant raised issues of fact regarding comparative negligence but cannot avail itself of the sole proximate cause defense, plaintiff's motion for partial summary judgment should be granted to the extent of finding defendant negligent as a matter of law, and a jury should determine (1) what proportion of causation is attributable to each party's culpable conduct, if it finds any on the part of plaintiff, and (2) the total amount of damages (without regard to the percentages of fault attributable to each party). The trial court should then reduce plaintiff's damages in proportion to the percentages of fault apportioned by the jury (*see* 1A NY PJI3d 2:36 at 331, 340-341 [2016]).

The majority repeatedly misstates my position as requiring comparative fault to be considered in a trial on damages. While that was the result reached in *Tselebis*—a decision in which two members of the majority joined—and in *Gonzalez*, I submit that the matter should be remanded first for a trial on *liability*, during which the jury would consider the conduct of both parties and apportion fault accordingly. A trial on damages would follow, during which the jury would determine the total amount of damages (to be reduced in proportion to the apportionment of fault).

Contrary to the majority, this result is consistent with the Pattern Jury Instructions, because we would only be settling as a matter of law one aspect of the liability issue (whether defendant is liable at all). The only difference is that the jury would be instructed in the liability portion of the trial that defendant's negligence had already been established as a matter of law, and that, therefore, in apportioning fault, it cannot completely absolve the defendant of liability or find plaintiff 100% liable. Thus, fault would still be "decided in the first

stage of the trial; damages in the second" (1A NY PJI3d 2:36 at 340 [2016], citing *Greenberg v City of Yonkers*, 37 NY2d 907 [1975]).[6] Moreover, by not remanding for plaintiff's culpable conduct to be considered at a damages trial, we would ensure that the court "not combine the questions of plaintiff's percentage of fault and the monetary award to be made to plaintiff" (1A NY PJI3d 2:36 at 341 [2016]).

This would avoid jury confusion and promote fairness, insofar as the jury would have the opportunity to apportion the fault of both parties (considering the "integrated whole" that so concerns the majority), and then decide the total amount of damages. Furthermore, this result would increase judicial efficiency, in that the jury instructions as to defendant's negligence, while not overly complicated, would eliminate the danger of a jury apportioning plaintiff's liability at 100% or defendant's at 0%; that would require setting aside the verdict, since there are no circumstances in this case under which plaintiff's fault could be the sole proximate cause of his injury.

This is the approach that gives full effect to the comparative negligence statute (CPLR article 14-A), which was designed not to bar recovery entirely, but to provide a partial defense and reduce a plaintiff's damages where the culpable conduct of both parties proximately caused the injury.[7]

III. Conclusion

Accordingly, the order of Supreme Court should be modified, to grant plaintiff's motion for partial summary judgment on liability (finding defendant negligent as a matter of law) and

---

**6.** The majority mistakenly believes that, under my proposed result, "plaintiff's liability would be the only issue" on remand. Instead, while the issue of *whether* defendant is liable at all would have been decided as a matter of law, the issues going forward would be the *extent* of defendant's liability (as compared to plaintiff's liability, if any), and the total amount of damages.While the debate over whether the proceedings after the grant of partial summary judgment should be termed a "liability trial" or a "damages trial" is largely semantic (*compare Tselebis*, 72 AD3d at 201, *with Calcano*, 91 AD3d at 472), the point is that a jury would consider the issues of fault and damages seriatim, not concurrently, as recommended by the Pattern Jury Instructions.

**7.** As an alternative resolution of this matter, plaintiff's motion for summary judgment could be denied (or granted in part), and the matter remanded with a finding pursuant to CPLR 3212 (g) that defendant's negligence was a proximate cause of plaintiff's injuries (*see* 242 Siegel's Practice Review 1 [Feb. 2012] ["If the liability of the defendant is so clearly established by the record . . . , wouldn't CPLR 3212(g) be an appropriate way to handle things?"]; Siegel, NY Prac § 286 [5th ed]). The liability and damages trial would follow, including the issue of comparative negligence, as in the above analysis.

remand for a trial to determine, seriatim, (1) the extent, if any, to which plaintiff engaged in culpable conduct that caused the injury, and the percentage of liability attributable to each party, and (2) the total amount of damages (to be reduced by the court in proportion to plaintiff's culpable conduct, if the jury finds any). Concur—Tom, J.P., Sweeny, Acosta, Andrias and Moskowitz, JJ.