Rodriguez v City of New York (2018 NY Slip Op 03634)





Rodriguez v City of New York


2018 NY Slip Op 03634


Decided on May 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2018

Acosta, P.J., Sweeny, Tom, Andrias, JJ.


16336-16337N 109444/11

[*1]Carlos Rodriguez, Plaintiff-Appellant-Respondent,
v
City of New York, Defendant-Respondent-Appellant.


Kelner & Kelner, New York (Joshua D. Kelner of counsel), for appellant-respondent.
Zachary W. Carter, Corporation Counsel, New York (Tahirih M. Sadrieh of counsel), for respondent-appellant.



Upon remittitur from the Court of Appeals (_ NY3d _, 2018 NY Slip Op 02287 [2018]), order, Supreme Court, New York County (Kathryn E. Freed, J.), entered October 22, 2014, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Plaintiff, a Department of Sanitation (DOS) garage worker tasked with putting snow chains on truck tires, was injured when a sanitation truck backing into a service bay skidded on ice into a parked car, propelling it into plaintiff. The truck was driven by Gilbert Ramos and "guided" by Earl Carter, both DOS employees.
Ramos testified that approximately thirty seconds after he started backing up, Carter made an "[a]brupt" signal for him to stop. As soon as Ramos saw Carter's signal, he "hit the brake" and "jerked the truck." Although Ramos pumped the brake, the truck continued skidding and hit the car.
Carter testified that Ramos was driving the truck towards the garage "a bit quicker" than he had with the others he backed in that day. Carter signaled to Ramos to "take it easy" and Ramos slowed down. After Ramos positioned the truck in front of the bay, Carter gave Ramos the signal to start backing into the garage, which he did at approximately five miles per hour. At some point, the truck slid approximately three feet and Carter signaled Ramos to stop. However, Ramos continued to back up and the truck kept sliding. Carter then started waving his hands and yelling at Ramos to stop. Approximately two seconds later, Ramos pressed the brake. Although the truck at first stopped, it then "kind of slid" approximately two more feet before Carter heard a crunching sound and knew that Ramos had hit something.
On a prior appeal, we affirmed the denial of plaintiff's motion for partial summary judgment as to liability on the ground that plaintiff was required to make a prima facie showing of freedom from comparative fault in order to obtain summary judgment, which he did not do (142 AD3d 778 [1st Dept 2016]). The Court of Appeals reversed that portion of our order, holding that plaintiff was not required to demonstrate absence of his own comparative fault to obtain partial summary judgment on issue of liability (2018 NY Slip Op 02287 [Apr 3, 2018]), and remitted the case to this Court "for consideration of issues raised but not determined on the appeal" (id. at *9), namely whether material issues of fact exist as to defendant's negligence, which bar plaintiff from obtaining partial summary judgment.
Plaintiff made out a prima facie showing that defendant was negligent by demonstrating that the sanitation truck driven by Ramos, who was being guided by Carter, backed into the parked car that struck him, shifting the burden to defendant of advancing a non-negligent explanation for the accident (see Guzman v Schiavone Constr. Co., 4 AD3d 150, 150 [1st Dept 2004], lv dismissed, denied 3 NY3d 694 [2005] ["A collision with a stationary vehicle amounts to prima facie evidence of negligence on the part of the operator of the moving vehicle"]).
Defendant failed to offer a non-negligent explanation for the accident. It was Ramos's and Carter's responsibility to take into account weather and road conditions and to tailor their actions accordingly to avoid collisions (see LaMasa v Bachman, 56 AD3d 340 [1st Dept 2008]). The record demonstrates that the truck hit the parked car either because Ramos reacted to an abrupt hand signal from Carter and hit the brakes while he was driving on ice, causing a skid he could not abate, or because Ramos failed to adequately respond to Carter's directives. Whether there were chains on the tires or not, defendant's employees were obligated to maintain control of the truck and to avoid collisions with parked cars while backing up, and were negligent in failing to do so (see Vehicle and Traffic Law § 1211(a); Garcia v Verizon N.Y., Inc., 10 AD3d 339, 340 [1st Dept 2004] ["the evidence submitted by both parties demonstrates that defendants' driver was negligent as a matter of law in backing up the truck into plaintiffs' stopped car without taking adequate precautions . . . . Contrary to defendants' argument, neither the fact that defendants' driver was attempting to clear a path for a bus, nor that he and his coworker looked to see if another vehicle was behind the truck, constitute a legal excuse for their negligent conduct"] [internal citations omitted]). Nor did defendant raise a material issue of fact whether the accident was foreseeable.
Carter acknowledged that it was not an unusual occurrence for a sanitation worker to be performing job duties at the accident location.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 22, 2018
CLERK