Salodkaya v City of New York (2021 NY Slip Op 02478)





Salodkaya v City of New York


2021 NY Slip Op 02478


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Index No. 450862/18 Appeal No. 13658-13658A Case No. 2020-02587, 2020-03743 

[*1]Volha Salodkaya, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents. United Rentals North America Inc., et al., Defendants.


The Flomenhaft Law Firm, PLLC, New York (Andrew Wanger of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jonathan A. Popolow of counsel), for The City of New York, New York City Department of Transportation and James Demarco, respondents.



Order, Supreme Court, New York County (Julio Rodriguez, III, J.), entered December 2, 2019, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability against defendants The City of New York, The New York City Department of Transportation, and James DeMarco as premature, unanimously reversed, on the law, without costs, and the motion granted. Appeal from order, same court (Laurence L. Love, J.), entered on or about July 23, 2020, insofar as it denied plaintiff's motion to renew the December 2, 2019 order, unanimously dismissed, without costs, as academic.
Supreme Court should have granted plaintiff's motion for partial summary judgment on liability against the City defendants, because the record demonstrates that defendant James DeMarco was negligent as a matter of law in backing up a truck owned by defendants City of New York and New York City Department of Transportation (collectively, the City) into the stopped vehicle plaintiff was sitting in without taking adequate precautions (see Vehicle and Traffic Law § 1211[a]). Contrary to the City defendants' contention, plaintiff's averment that codefendant Valeri Stesik was exiting the vehicle when the accident happened and Stesik's averment that he was walking toward his vehicle when the truck backed into his vehicle do not raise a triable issue of fact that precludes summary judgment on the issue of the City defendants' liability because they establish that Stesik's vehicle was stopped when DeMarco backed the City's truck into the front of Stesik's vehicle (see Guzman v Schiavone Constr. Co., 4 AD3d 150, 150 [1st Dept 2004], lv dismissed and denied 3 NY3d 694 [2004]).
Granting plaintiff partial summary judgment on the issue of liability under these circumstances is not premature, because both defendant drivers have submitted affidavits and the material facts are undisputed (see Santos v Booth, 126 AD3d 506 [1st Dept 2015]). Although the burden shifted to the City defendants, they failed to raise an issue of fact as to whether there was a nonnegligent explanation for the collision because DeMarco's averment that he checked his mirrors and rear-view camera before the accident but never saw Stesik's vehicle behind him does not constitute a legal excuse for his negligent conduct (see Garcia v Verizon N.Y., Inc., 10 AD3d 339, 339-340 [1st Dept 2004]). Defendants may not argue for the first time on appeal that they are entitled to the recklessness standard of care of Vehicle and Traffic Law § 1103(b), because the question of whether this statute is applicable to the accident is not a pure question of law and depends upon facts that are not in the record (see Nadella v City of New York, 161 AD3d 412, 412-413 [1st Dept 2018]; Lindgren v New York City Hous. Auth., 269 AD2d 299, 303 [1st Dept 2000]).
In light of our finding that plaintiff is entitled to summary judgment on the issue of liability, we dismiss the appeal [*2]from the July 23, 2020 order denying her motion for renewal of the December 2, 2019 order as academic (see e.g. Board of Mgrs. of the Chelsea 19 Condominium v Chelsea 19 Assoc., 73 AD3d 581, 581-582 [1st Dept 2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021