■ BARBARA BIRT, Appellant, v DAVID R. RATKA, JR., et al., Respondents. [835 NYS2d 781]—

Appeal from an order of the Supreme Court, Chautauqua County (Paula L. Feroleto, J.), entered June 22, 2006 in an action seeking to enforce a restrictive covenant. The order denied plaintiff's motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to enforce a restrictive covenant prohibiting defendants from subdividing property that had a right-of-way over plaintiff's property. In their answer, defendants asserted a counterclaim seeking to extinguish the restrictive covenant. The restrictive covenant is contained in the deed to defendants' property, and it had been contained in all deeds in defendants' chain of title since the property was sold by plaintiff's parents in 1978. Both lots were originally part of premises owned by plaintiff's parents, and plaintiff subsequently obtained title to her property by executor's deed.

Contrary to the contention of plaintiff, Supreme Court properly denied her motion for summary judgment on the complaint as well as summary judgment dismissing the affirmative defenses and counterclaim. Although plaintiff met her initial burden with respect to the existence of the restrictive covenant, she failed to address the merits of the affirmative defenses or the counterclaim. "Pursuant to RPAPL 1951 (1), a restrictive covenant shall not be enforced if, at the time enforceability of the restriction is brought into question, it appears that 'the restriction is of no actual and substantial benefit to the persons seeking its enforcement or seeking a declaration or determination of its enforceability, either because the purpose of the restriction has already been accomplished or, by reason of changed conditions or other cause, its purpose is not capable of accomplishment, or for any other reason.' The party claiming that a restriction is unenforceable bears the burden of proving it" (*New York City Economic Dev. Corp. v T.C. Foods Import & Export Co., Inc.*, 19 AD3d 568, 569 [2005]; *see Chambers v Old Stone Hill Rd. Assoc.*, 1 NY3d 424, 433-434 [2004]; *Orange & Rockland Util. v Philwold Estates*, 52 NY2d 253, 266 [1981]). While defendants ordinarily would bear that burden, here plaintiff moved, inter alia, for summary judgment dismissing "[d]efendants' defenses and counterclaim[ ]." We thus conclude that plaintiff assumed the burden of proving that the restrictive covenant is enforceable pursuant to RPAPL 1951 (1). Plaintiff failed to meet that burden by failing to establish as a matter of law that the restrictive covenant is of any actual or substantial benefit to her (*cf. Smith v Sheppard*, 301 AD2d 913, 915 [2003]). Present—Gorski, J.P., Lunn, Fahey, Green and Pine, JJ.