# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**16**
**CA 11-01549**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

ANDREWS, PUSATERI, BRANDT, SHOEMAKER &
ROBERSON, P.C. AND ROBERT S. ROBERSON, ESQ.,
PLAINTIFFS-APPELLANTS,

V                                        MEMORANDUM AND ORDER

COUNTY OF NIAGARA, DEFENDANT-RESPONDENT.

---

BRANDT, ROBERSON & BRANDT, P.C., LOCKPORT (ROBERT S. ROBERSON OF
COUNSEL), FOR PLAINTIFFS-APPELLANTS.

WEBSTER SZANYI LLP, BUFFALO (CHARLES E. GRANEY OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 22, 2010. The order denied plaintiffs' motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiffs commenced this action seeking damages for breach of contract and unjust enrichment based upon defendant's alleged failure to pay for legal services rendered by plaintiffs. Supreme Court properly denied plaintiffs' motion seeking summary judgment on the complaint and dismissal of the counterclaims. With respect to the complaint, plaintiffs' own submissions in support of the motion raise triable issues of fact whether defendant owes plaintiffs further compensation pursuant to the legal services contract, and whether plaintiffs performed services in addition to those covered by that contract (*see generally Ulrich v Estate of Zdunkiewicz*, 8 AD3d 1014, 1015). Plaintiffs also failed to meet their initial burden of establishing their entitlement to judgment dismissing the counterclaims (*see generally Birt v Ratka*, 39 AD3d 1238; *Home Sav. Bank v Arthurkill Assoc.*, 173 AD2d 776, 777-778, *lv dismissed* 78 NY2d 1071). Thus, the motion was properly denied, "regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court