■ Jessabell Realty Corp., Doing Business as Island Services, Respondent, v Patricia Gonzales, Appellant, et al., Defendants. [985 NYS2d 897]—

In an action to foreclose a mortgage, the defendant Patricia Gonzales appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J), dated April 2, 2012, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint and to strike the affirmative defenses and counterclaims, and (2) a judgment of the same court dated May 6, 2012, which, upon the order, is in favor of the plaintiff and against her. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (*see Washington Mut. Bank v Valencia*, 92 AD3d 774 [2012]), and by demonstrating that the appellant's affirmative defenses and counterclaims were without merit (*see Mendel Group, Inc. v Prince*, 114 AD3d 732 [2014]). Accordingly, the burden then shifted to the appellant to lay bare her proof in opposition to the plaintiff's prima facie showing (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Even when viewed in the light most favorable to the appellant, her submissions were insufficient to raise a triable issue of fact (*see Mendel Group, Inc. v Prince*, 114 AD3d 732 [2014]). Furthermore, contrary to the appellant's contention, the Supreme Court properly determined that the subject loan constituted a "residential mortgage transaction" under the Truth in Lending Act (15 USC § 1601 *et seq.*; *see* 15 USC former § 1602 [w]; 12 CFR 226.2 [a] [24]; *see also* Official Staff Interpretations of Federal Reserve System Board of Governors 12 CFR part 226, Supp I, ¶ 2 [a] [24] [5] [i]). Since the subject loan is a "residential mortgage transaction," it is an "[e]xempted transaction[ ]" under the "right of rescission" provisions of 15 USC § 1635 (15 USC § 1635 [e] [1]; *see* 12 CFR 226.32 [a] [2] [i]; 15 USC former § 1602 [aa]; *Gorbaty v Wells Fargo Bank, N.A.*, 2012 WL 1372260, *12-14, 2012 US Dist LEXIS 55284, *42-47 [ED NY, Apr. 18, 2012, Nos. 10-CV-3291 (NGG/SMG), 10-CV-3354 (NGG/ SMG)]; *Ng v HSBC Mtge. Corp.*, 2010 WL 889256, *2, 2010 US Dist LEXIS 40109, *4-5 [ED NY, Mar. 10, 2010, No. 07-CV-5434 (RRM/VVP)]; *see also* Suffolk County Tax Act § 53).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to strike the appellant's affirmative defenses and counterclaims. Dillon, J.P., Balkin, Miller and Maltese, JJ., concur.