# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

597

CA 13-02009

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MICHAEL A. PISCITELLO AND NANCY A. PISCITELLO,
PLAINTIFFS-APPELLANTS,

V                                                     MEMORANDUM AND ORDER

FORTRESS TRUCKING, LTD., 781100 ONTARIO, INC.,
CHRISTINA STANKO, DEFENDANTS-RESPONDENTS,
ET AL., DEFENDANTS.

---

JAMES A. PARTACZ, WEST SENECA, FOR PLAINTIFFS-APPELLANTS.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MICHAEL T. FEELEY OF COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered April 1, 2013. The order, insofar as appealed from, denied in part the motion of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by plaintiff Michael A. Piscitello (plaintiff) when he fell from the top of a tractor-trailer owned by defendants Fortress Trucking, Ltd. and 781100 Ontario, Inc. and operated by defendant Christina Stanko. Plaintiff was on a platform taking a sample of oil from the tractor-trailer when Stanko, believing that plaintiff had finished, started to drive away. Plaintiffs moved for partial summary judgment on liability. Supreme Court granted the motion only with respect to the issue of serious injury, determining that there are issues of fact with respect to the issue of negligence and thus that plaintiffs are not entitled to partial summary judgment on liability (*see generally Ruzycki v Baker*, 301 AD2d 48, 51). We affirm. Plaintiffs failed to meet their initial burden of establishing that Stanko's alleged negligence was the sole proximate cause of the accident and that plaintiff was free from comparative negligence as a matter of law (*see Thoma v Ronai*, 82 NY2d 736, 737; *Haberman v Burke*, 116 AD3d 921, 922; *Day v MTA Bus Co.*, 94 AD3d 940, 941). In any event, viewing the evidence in the light most favorable to the nonmoving party, we conclude that in opposition to the motion, defendants raised issues of fact with respect to those issues (*see Azeem v Cava*, 92 AD3d 821, 821; *Guzman v Bowen*, 38 AD3d 837, 838).

Contrary to plaintiffs' contention, they are not entitled to summary judgment on the basis of the doctrine of res ipsa loquitur. Here, the evidence submitted by plaintiffs in support of their motion established that the inference of negligence is not inescapable and that this is not "the exceptional case in which no facts are left for determination" (*Morejon v Rais Constr. Co.*, 7 NY3d 203, 212; *see Dengler v Posnick*, 83 AD3d 1385, 1386). Even assuming, arguendo, that plaintiffs established that plaintiff's fall would not have occurred in the absence of negligence and that his fall was caused by an instrumentality solely within Stanko's control, we conclude that plaintiffs did not prove that the accident was not caused by any action by plaintiff (*see generally Kambat v St. Francis Hosp.*, 89 NY2d 489, 494; *Dengler*, 83 AD3d at 1386; *Perrin v Chase Equip. Leasing, Inc.*, 9 AD3d 839, 840).

Entered:  June 20, 2014            Frances E. Cafarell
                                               Clerk of the Court