# State of New York
# Court of Appeals

OPINION

This opinion is uncorrected and subject to revision before publication in the New York Reports.

No. 32
Carlos Rodriguez,
      Appellant,
    v.
City of New York,
      Respondent.

Joshua D. Kelner, for appellant.
Richard Dearing, for respondent.
Defense Association of New York, Inc., amicus curiae.

FEINMAN, J.:

This appeal requires us to answer a question that has perplexed courts for some time:

Whether a plaintiff is entitled to partial summary judgment on the issue of a defendant's

liability, when, as here, defendant has arguably raised an issue of fact regarding plaintiff's

- 1 -

comparative negligence. Stated differently, to obtain partial summary judgment in a comparative negligence case, must plaintiffs establish the absence of their own comparative negligence. We hold that a plaintiff does not bear that burden.

I.

Plaintiff Carlos Rodriguez was employed by the New York City Department of Sanitation (DOS) as a garage utility worker. He was injured while "outfitting" sanitation trucks with tire chains and plows to enable them to clear the streets of snow and ice. The following facts are uncontradicted: On a snowy winter day, plaintiff and his two coworkers were tasked with outfitting sanitation trucks with tire chains and plows at the Manhattan 5 facility. Typically, the driver backs the truck into one of the garage bays, and the driver and other members of the team "dress" the truck. One person acts as a guide, assisting the driver by providing directions through appropriate hand signals while standing on the passenger's side of the truck. Once the truck is safely parked in the garage, the driver, the guide, and the third member of the team (here, plaintiff) place chains on the truck's tires.

At the time of his accident, plaintiff was standing between the front of a parked Toyota Prius and a rack of tires outside of the garage bay while the driver began backing the sanitation truck into the garage. The guide, at some point, stood on the *driver's* side of the sanitation truck while directing the driver in violation of established DOS safety practices. The sanitation truck began skidding and eventually crashed into the front of the parked Toyota Prius, propelling the car into plaintiff and pinning him up against the rack of tires. Plaintiff was taken to the hospital and ultimately had to undergo spinal fusion

surgery, a course of lumbar epidural steroid injections, and extensive physical therapy. He is permanently disabled from working.

Plaintiff commenced this negligence action against the City of New York. After discovery, he moved for partial summary judgment on the issue of defendant's liability pursuant to CPLR 3212. Defendant opposed the motion and cross-moved for summary judgment in its favor. Supreme Court denied both motions. In denying plaintiff's motion for partial summary judgment, Supreme Court held that there were triable issues of fact regarding foreseeability, causation, and plaintiff's comparative negligence.[1]

The Appellate Division, among other things, affirmed the denial of plaintiff's motion for partial summary judgment (Rodriguez v City of New York, 142 AD3d 778 [1st Dept 2016]). The majority, relying on this Court's memorandum decision in Thoma v Ronai (82 NY2d 736 [1993]), held that plaintiff was not entitled to partial summary judgment on the issue of liability, because he failed to make a prima facie showing that he was free of comparative negligence. The dissent, relying on the language and purpose of CPLR article 14-A, would have held that plaintiff does not bear the burden of disproving the affirmative defense of comparative negligence, and thus, plaintiff should have been

---

[1]    Defendant moved for summary judgment on the ground that an employee cannot recover for injuries sustained while doing an assigned job, the purpose of which is to eliminate the cause of the injury. However, Supreme Court disagreed and held that defendant was not entitled to dismissal of the complaint, because contrary to defendant's assertion, "the danger of being knocked down by a skidding sanitation vehicle is not an ordinary and obvious hazard of plaintiff's employment," nor is it "inherent in the work of a sanitation worker" (Rodriguez v City of New York, 2014 WL 10726797, at *2 [Sup Ct, NY County, Oct. 16, 2014, No. 109444/2011, Freed, J.]). The propriety of this ruling is not before us as defendant did not cross-appeal Supreme Court's order.

granted partial summary judgment on the issue of defendant's liability (Rodriguez, 142 AD3d at 797 [Acosta, J., dissenting]).

The Appellate Division granted plaintiff leave to appeal to this Court (lv granted — AD3d —, 2016 NY Slip Op 96039[U] [1st Dept 2016]), certifying the following question: "Was the order of the Supreme Court, as affirmed by this Court, properly made?"[2]

## II.

Whether a plaintiff must demonstrate the absence of his or her own comparative negligence to be entitled to partial summary judgment as to a defendant's liability is a question of statutory construction of the CPLR. The usual rules of statutory construction apply to the provisions of the CPLR (see, e.g., Chianese v Meier, 98 NY2d 270, 275 [2002]). "In matters of statutory interpretation, our primary consideration is to discern and give effect to the Legislature's intention" (Matter of Albany Law School v New York State Off. of Mental Retardation & Dev. Disabilities, 19 NY3d 106, 120 [2012]). We look "first

---

[2]     Defendant additionally argues that material issues of fact exist as to its negligence, which bar plaintiff from obtaining partial summary judgment. We do not reach this issue.

The Appellate Division began its analysis by framing the sole issue for resolution as "whether a plaintiff seeking summary judgment on the issue of liability must establish, as a matter of law, that he or she is free from comparative fault" (Rodriguez, 142 AD3d at 778). To be sure, Supreme Court addressed the issue of defendant's negligence and agreed with defendant that there are questions of fact as to foreseeability and causation. We do not read the Appellate Division's majority decision as reaching the merits of whether there is any question of fact as to defendant's negligence. Both the majority and dissenting opinions at the Appellate Division framed their resolution of this appeal as turning on whether plaintiff bore the burden of proving the absence of comparative negligence. Although the majority's five-page decision contains one sentence that makes a passing reference to defendant's negligence, it is utilized to distinguish a prior case on the issue of comparative negligence as a bar to summary judgment and is not offered as an evaluation of the merits of defendant's alternative argument.

to the plain language of the statute[ ] as the best evidence of legislative intent" (<u>Matter of</u>

<u>Malta Town Ctr. I, Ltd. v Town of Malta Bd. of Assessment Review</u>, 3 NY3d 563, 568

[2004]).

CPLR 3212, which governs summary judgment motions, provides that "[t]he

motion shall be granted if . . . the cause of action . . . [is] established sufficiently to warrant

the court as a matter of law in directing judgment in favor of any party" (CPLR 3212[b]).

The motion for summary judgment must also "show that there is no defense to the cause

of action" (<u>id</u>.).  Further, subsection [c] of the same section sets forth the procedure for

obtaining partial summary judgment and states that "[i]f it appears that the only triable

issues of fact arising on a motion for summary judgment relate to the amount or extent of

damages . . . the court may, when appropriate for the expeditious disposition of the

controversy, order an immediate trial of such issues of fact raised by the motion" (CPLR

3212[c]).

Article 14-A of the CPLR contains our State's codified comparative negligence

principles.  CPLR 1411 provides that:

> "In any action to recover damages for personal injury, injury to property, or wrongful death, the culpable conduct attributable to the claimant or to the decedent, including contributory negligence or assumption of risk *shall not bar recovery*, but the amount of damages otherwise recoverable shall be diminished in the proportion which the culpable conduct attributable to the claimant or decedent bears to the culpable conduct which caused the damages."

(CPLR 1411 [emphasis added]).  CPLR 1412 further states that "[c]ulpable conduct

claimed in diminution of damages, in accordance with [CPLR 1411], shall be an

affirmative defense to be pleaded and proved by the party asserting the defense."

Placing the burden on the plaintiff to show an absence of comparative fault is inconsistent with the plain language of CPLR 1412.  In 1975, New York adopted a system of pure comparative negligence, and, in so doing, directed courts to consider a plaintiff's comparative fault only when considering the amount of damages a defendant owes to plaintiff.  The approach urged by defendant is therefore at odds with the plain language of CPLR 1412, because it flips the burden, requiring the plaintiff, instead of the defendant, to prove an absence of comparative fault in order to make out a prima facie case on the issue of defendant's liability.[3]

---

[3]      Various commentators have pointed out this inconsistency.  The late Professor David Siegel, a preeminent expert in New York civil practice, has referred to the approach defendant proposes as "peculiar," for it "imposes on the plaintiff the burden of establishing . . . freedom from comparative fault even though by statute that's a burden of both pleading and proof borne by the defendant under the specific terms of CPLR 1412" (Siegel, NY Prac § 280 [5th ed 2011, Jan. 2013 Update]).

Professor Patrick Connors similarly notes:

"CPLR 1412 and the standards of summary judgment appear to require that defendant tender sufficient evidence to support the affirmative defense on the facts of the case.  Requiring the plaintiff moving for partial summary judgment on liability to affirmatively establish complete freedom from comparative fault, while allow defendant to simply contend that plaintiff has committed at least some culpable conduct, appears to tilt the scales too favorably for the defendant"

(Patrick M. Connors, Can Comparative Fault Stop the Train Known as Summary Judgment?, NYLJ, Jan. 16, 2013 at 2).

Finally, John R. Higgitt writes in the Practice Commentaries to CPLR 3212 that the approach favored by Siegel and Connors, which he refers to as the "Siegel approach," has appeal for at least two reasons.  First, he notes:

"CPLR 1411's language suggests that a plaintiff seeking partial summary judgment on the issue of the defendant's liability should not have the burden of showing her freedom of comparative fault . . . If a plaintiff's comparative fault 'shall not bar

Defendant's approach also defies the plain language of CPLR 1411, and, if adopted, would permit a possible windfall to defendants. CPLR 1411 explicitly provides that "[i]n any action to recover damages for personal injury . . . the culpable conduct attributable to the [plaintiff] . . . shall not bar recovery, but the amount of damages otherwise recoverable shall be diminished in the proportion . . . attributable to the claimant." For example, assuming in a hypothetical case a defendant's negligence could be established as a matter of law because defendant's conduct was in violation of a statute (see PJI 2:26) and further

---

recovery' but merely diminishes her damages award, then it would seem that the plaintiff should not be required to prove her freedom from comparative fault as a precondition to obtaining partial summary judgment on the issue of the defendant's liability"

(John R. Higgitt, Practice Commentaries, McKinney's Cons Laws of NY, CPLR C3212:15). Secondly, he contends that "the Siegel approach provides for harmony between the substantive law of torts and the rules of decision on a plaintiff's motion for partial summary judgment" (id.). Higgitt writes:

"A plaintiff is entitled to recover damages in a negligence action if she demonstrates that a defendant's negligence was "a" proximate cause of the plaintiff's injuries, i.e., that the defendant's negligence was one, not necessarily the only, substantial factor in causing the injuries. Thus, a plaintiff's right of recovery arises on her showing that the defendant was negligent and that the defendant's negligence was a proximate cause of the plaintiff's injuries, and any comparative fault on the plaintiff's part will merely diminish the damages award. Under the present rule reflected in the decisions of the First and Second Departments, a plaintiff seeking partial summary judgment on the issue of the defendant's liability is required to prove her freedom from comparative fault. That doesn't seem to jibe with the rule of substantive law providing that a plaintiff is entitled to recover once she establishes that the defendant was negligent and that the defendant's negligence was a proximate cause of the plaintiff's injuries"

(id. [citation omitted]).

assuming plaintiff was denied partial summary judgment on the issue of defendant's negligence because plaintiff failed to establish the absence of his or her own comparative negligence, the jury would be permitted to decide the question of whether defendant was negligent and whether defendant's negligence proximately caused plaintiff's injuries. If the jury answers in the negative on the question of defendant's negligence, the plaintiff would be barred from recovery even though defendant's negligence was established as a matter of law and in contradiction to the plain language of CPLR 1411. Such a windfall to a defendant would violate Section 1411's mandate that a plaintiff's comparative negligence "shall not bar recovery" and should only go to the diminution of damages recoverable by plaintiff. Furthermore, it is no answer to this conundrum that the trial court could set aside the verdict. The whole purpose of partial summary judgment is to streamline and focus the factfinder on the issues that need resolution, and avoid having juries make findings that are contrary to law.

Defendant's attempts to rely on CPLR 3212's plain language in support of its preferred approach are also unavailing. Specifically, defendant points to CPLR 3212(b), which provides; "[a] motion for summary judgment shall . . . show that there is no defense to the cause of action." Defendant's approach would have us consider comparative fault a defense. But, comparative negligence is *not* a defense to the cause of action of negligence, because it is not a defense to any element (duty, breach, causation) of plaintiff's prima facie cause of action for negligence, and as CPLR 1411 plainly states, is not a bar to plaintiff's recovery, but rather a diminishment of the amount of damages.

The approach we adopt is also supported by the legislative history of article 14-A. (see Tompkins Cty. Support Collection Unit ex rel. Chamberlin v Chamberlin, 99 NY2d 328, 335 [2003] ["[T]he legislative history of an enactment may also be relevant and is not to be ignored, even if words be clear."] [quotations and citations omitted]). Article 14-A's enactment was proposed by the 1975 Judicial Conference of the State of New York (the Conference) in response to this Court's decision in Dole v Dow Chemical Co. (30 NY2d 143 [1972]), which first provided for the apportionment of negligent responsibility among joint tortfeasors. In proposing the section which later became CPLR 1411, the Conference specifically noted that neither the defense of contributory negligence or assumption of risk "shall continue to serve as complete defenses" in negligence actions (20th Ann Rep of NY Jud Conf at 240). In proposing the section which became CPLR 1412, the Conference urged the adoption of the then-majority rule in this country, which provided that "in all negligence actions . . . the defendant claiming contributory negligence of the plaintiff has the burden of showing it" (id. at 245). The Conference also observed that the "burden of pleading and burden of proof are usually parallel" and that "[t]his article may be viewed as having created a partial defense, the effect of which is to mitigate damages, and such defenses traditionally must be pleaded affirmatively" (id. at 246).

When article 14-A was proposed in the Legislature, the Introducer's Memorandum before the New York Assembly noted that the then-current system of traditional contributory negligence had "become an obstacle to the dispensing of substantial justice" (Assembly Introducer's Mem in Support, Bill Jacket, L 1975, ch 69 at 5 – 7). The purpose

of the law was to bring "New York law into conformity with the majority rule and represents the culmination of the gradual but persistent erosion of the rule that freedom from contributory negligence must be pleaded and proven by the plaintiff" (id., citing Rossman v La Grega, 28 NY2d 300, 304 [1971]). The legislative history of article 14-A makes clear that a plaintiff's comparative negligence is no longer a complete defense to be pleaded and proven by the plaintiff, but rather is only relevant to the mitigation of plaintiff's damages and should be pleaded and proven by the defendant.[4]

Resolution of the issue before us necessarily turns on the interpretation and interplay of these various CPLR provisions. In Thoma v Ronai, 82 NY2d 736 [1993], this Court held that the plaintiff there did not meet her burden of demonstrating the absence of any material fact; "a factual question of her reasonable care" existed, and thus [plaintiff] was

_____

[4]     The dissent points to recently proposed amendments to CPLR 1412, explicitly pronouncing that the party asserting the defense of comparative negligence must interpose proof of such culpable conduct when asserting the defense on a motion for summary judgment, to contend that the Legislature is "under the impression" that Thoma is the correct and currently binding rule (see dissenting op. at 5-6, citing S.2057/2017-2018 Reg Sess [NY 2017]; S7779/2016-2017 Reg Sess [NY 2016]; 2017 A.2776 [2017]). However, "we have often been reluctant to ascribe persuasive significance to legislative inaction" (Desrosiers v Perry Ellis Menswear, LLC, 30 NY3d 488, 491 [2017], quoting Boreali v Axelrod, 71 NY2d 1, 13 [1987]; see also Pension Ben. Guar. Corp. v LTV Corp., 496 US 633, 650 [1990] ["Congressional inaction lacks persuasive significance because several equally tenable inferences may be drawn from such inaction, including the inference that the existing legislation already incorporated the offered change."]). While at times, we have construed legislative inaction "to be some manifestation of legislative approbation" of a lower's court's interpretation of a particular statute, that is only the case in "instances in which the legislative inactivity has continued in the face of a prevailing statutory construction" (Brooklyn Union Gas Co. v. New York State Human Rights Appeal Bd., 41 NY2d 84, 90 [1976]). That is not the case here, where the Appellate Division Departments have struggled to adopt a universal interpretation.

properly denied summary judgment (id. at 737). However, Thoma never addressed the

precise question we now confront. The decision itself never considered the import of

article 14-A, and a review of the briefs publicly filed in that case reveal that the plaintiff

proceeded on the assumption that if a question of fact existed as to her negligence, summary

judgment on the issue of liability would be denied. The plaintiff in Thoma, in her limited

submissions to this Court, maintained that "[t]he crux of the case is the existence, as a

matter of law, of any question of culpable conduct (contributory negligence) by the

Plaintiff that would warrant the Trial Court's denial of summary judgment pursuant to

C.P.L.R. 3212 on the issue of the Defendant's liability" (Thoma, App's Br. at 1). Thus, to

the extent that the Departments of the Appellate Division have interpreted Thoma as

explicitly holding that a plaintiff must show an absence of comparative fault in order to

obtain partial summary judgment on liability, such a reading of Thoma is mistaken (see

Global Reinsurance Corp. v Century Indemnity Co., 30 NY3d 508, 517 [2017] ["[T]he

Court's holding comprises only those 'statements of law which address issues which were

presented to the [Court] for determination.'"], quoting Village of Kiryas Joel v County of

Orange, 144 AD3d 895, 900 [2d Dept 2016]).[5]

---

[5]      The dissenters question our assessment of Thoma and assert that our interpretation is "undermined by later case law" (dissent op. at 3). The dissent maintains that in our memorandum decision in Sammis v Nassau/Suffolk Football League (95 NY2d 809, 810 [2000]), and summary reversal in Castiglione v Kruse, 27 NY3d 1018, 1019, reargument denied, 28 NY3d 941 [2016], we reaffirmed the purported procedural rule created by Thoma. Notably missing from either of those decisions is any discussion or even citation to Thoma. In fact, it appears this Court has never cited Thoma for any proposition whatsoever. Neither Sammis or Castiglione addressed whether the CPLR requires plaintiffs to show an absence of comparative fault in order to obtain partial summary judgment on the issue of liability. Further, while we reversed the Appellate Division in

---

<u>Castiglione</u>, holding that "triable questions of fact precluded summary judgment in plaintiff's favor," it is not at all clear whether such questions of fact related to comparative negligence, the defendant's negligence, or some other issue related to liability.  Contrary to the dissenters' view, neither <u>Thoma</u> nor these subsequent decisions created a procedural rule placing the burden on plaintiffs to show an absence of comparative fault in order to obtain partial summary judgment on the issue of defendant's liability.

It bears noting that initially courts did not even treat <u>Thoma</u> as creating a new rule requiring that plaintiffs show an absence of comparative negligence in order to obtain partial summary judgment on the issue of a defendant's liability.  Indeed, at least in the First Department, a majority of the appellate decisions initially refrained from putting such a burden on plaintiffs even after <u>Thoma</u> (<u>see</u>, <u>e.g.</u>, <u>Pace v Robinson</u>, 88 AD3d 530 [1st Dept 2001]); <u>Gonzalez v Arc Interior Const.</u>, 83 AD3d 418 [1st Dept 2011]; <u>Strauss v Billig</u>, 78 AD3d 415 [1st Dept 2010]; <u>Tselebis v Ryder Truck Rental, Inc.</u>, 72 AD3d 198 [1st Dept 2010]).  These decisions reasoned, as articulated in <u>Tselebis</u>, that placing the burden on plaintiffs to show freedom from comparative negligence as a component of their prima facie showing on summary judgment "cannot be reconciled" with CPLR 1411 and 1412 "if the statute[s] [are] to be given effect" (<u>Tselebis</u>, 72 AD3d at 200).

However, in <u>Roman v A1 Limousine, Inc.</u> (76 AD3d 552 [2d Dept 2010]), the Second Department parted company with the First Department.  That court explicitly read <u>Thoma</u> as creating such a procedural rule, and held that "plaintiff's motion for summary judgment on the issue of liability was properly denied where plaintiff's submissions failed to eliminate a triable issue of fact regarding her comparative negligence" (<u>id</u>. at 553).  Since <u>Roman</u>, the clear majority (but not all) of Second Department cases have relied on <u>Thoma</u> as answering this issue, and have placed the "double burden" on plaintiffs to not only prove the defendant's prima facie negligence as a matter of law, but also prove their own absence of comparative negligence as a matter of law in order to obtain partial summary judgment on the issue liability.

After <u>Roman</u>, the First Department began to reconsider its holding in <u>Tselebis</u>, but it appears to remain sharply divided internally over the issue (<u>see</u>, <u>e.g.</u>, <u>Calcano v Rodriguez</u> (91 Ad3d 468 [1st Dept 2012, Catterson, J., concurring]; <u>Maniscalco v New York City Transit Auth.</u> (95 AD3d 510 [1st Dept 2012, DeGrasse, J., dissenting]; <u>Capuano v Tishman Constr. Corp.</u> (98 AD3d 848 [1st Dept 2012, Acosta, J., concurring]); <u>Geralds v Damiano</u>, 128 AD3d 550 [1st Dept 2015, Moskowitz, J., dissenting]).  The Fourth Department recently held in <u>Simoneit v Mark Cerrone, Inc.</u> (122 AD3d 1246 [4th Dept 2014]), that a plaintiff was entitled to partial summary judgment on the issue of defendant's liability, notwithstanding unresolved questions of fact regarding the plaintiff's comparative fault (<u>see</u> <u>id</u>. at 1248).

On this appeal, plaintiff raises the issue not addressed in <u>Thoma</u>. Plaintiff contends, even assuming there is an issue of fact regarding his comparative fault, that he is entitled to partial summary judgment on the issue of defendant's liability. Defendant would have us follow the line of cases that hold that plaintiff bears the burden of disproving comparative fault as a component of establishing his prima facie entitlement to partial summary judgment on the issue of defendant's liability. Defendant points to various instances of plaintiff's conduct in this case and asserts that plaintiff was comparatively negligent. We agree with plaintiff that to obtain partial summary judgment on defendant's liability he does not have to demonstrate the absence of his own comparative fault.

We also reject defendant's contention that granting the plaintiff partial summary judgment on defendant's liability serves no practical purpose. A principal rationale of partial summary judgment is to narrow the number of issues presented to the jury (<u>see</u> <u>Janos v Peck</u>, 21 AD2d 529, 531 [1964], <u>affd</u> 15 NY2d 509 [1964]). In a typical comparative negligence trial, the jury is asked to answer five questions:

1.   Was the defendant negligent?

2.   Was defendant's negligence a substantial factor in causing [the injury or the accident]?

3.   Was plaintiff negligent?

4.   Was plaintiff's negligence a substantial factor in causing (his or her) own injuries?

5.   What was the percentage of fault of the defendant and what was the percentage of fault of the plaintiff?

(PJI 2:36). Where plaintiff has already established defendant's liability as a matter of law, granting plaintiff partial judgment eliminates the first two questions submitted to the jury, thereby serving the beneficial purpose of focusing the jury on questions and issues that are in dispute.

Nor do we agree with defendant that what it characterizes as bifurcation of the issues of defendant's liability from plaintiff's liability runs counter to the Pattern Jury Instructions. When a defendant's liability is established as a matter of law before trial, the jury must still determine whether the plaintiff was negligent and whether such negligence was a substantial factor in causing plaintiff's injuries. If so, the comparative fault of each party is then apportioned by the jury. Therefore, the jury is still tasked with considering the plaintiff's and defendant's culpability together. As a practical matter, a trial court will instruct the jury in a modified version of Pattern Jury Instruction 1:2B that the issue of defendant's negligence, and in some cases, the related proximate cause question, have been previously determined as a matter of law. Trial courts are experienced in crafting such instructions, for example when liability has already been determined in a bifurcated trial, or when an Appellate Division upholds a liability determination and remands solely for a recalculation of damages, or a trial on damages has been ordered pursuant to CPLR 3212(c).

### III.

To be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault. Accordingly, the order of the Appellate Division, insofar as

appealed from, should be reversed, with costs, and the case remitted to the Appellate Division for consideration of issues raised but not determined on the appeal to that court and the certified question answered in the negative.

Rodriguez v City of New York

No. 32

GARCIA, J. (dissenting):

The majority holds that plaintiff's motion for partial summary judgment on liability was improperly denied, notwithstanding issues of fact as to plaintiff's comparative negligence. We disagree. The rule has been, and should remain, that a plaintiff must demonstrate the absence of issues of fact concerning both defendant's negligence and its own comparative fault in order to obtain summary judgment (see Thoma v Ronai, 82 NY2d 736 [1993]).

Plaintiff's injury occurred while he was working in a New York City Department of Sanitation garage, as he and his colleagues outfitted sanitation trucks with tire chains and a plow in order to clear snow and ice from the City streets. With the storm ongoing,

- 1 -

plaintiff's colleagues were backing a truck into the Department's garage bay when the truck slid several feet and hit a parked car, which skidded forward and hit plaintiff.

Supreme Court rejected both parties' summary judgment motions. In rejecting plaintiff's motion, the court found that there were triable issues of fact as to the City's liability, specifically with respect to causation and foreseeability, as well as plaintiff's comparative fault. The court noted that "[f]oreseeability questions are generally left for the fact finder to resolve" (citing Derdiarian v Felix Constr. Corp., 51 NY2d 308, 315 [1980]) and that numerous issues of fact remained concerning causation. In addition, the court found that even if defendant's liability was established, "plaintiff would not be entitled to summary judgment as to liability since the question of his comparative fault must be resolved at trial."

The Appellate Division upheld Supreme Court's finding of triable issues concerning defendant's negligence. After reviewing the facts, the Appellate Division held that "[u]nder this factual scenario, the trier of fact could determine *that defendant was free from negligence* and that plaintiff was 100% at fault in causing his injuries" (142 AD3d at 781 [emphasis added]). The majority dismisses this aspect of the Appellate Division's holding as a "passing reference," and, without explanation, determines that this statement "is not offered as an evaluation of the merits of defendant's alternative argument" (majority op. at 4 n.2). Here, where the holding of two lower courts calls into question plaintiff's demonstration of defendant's liability as a matter of law, the majority's summary dismissal

of this issue is inadequate.[1]  In any event, as discussed below, the fact that the City was found to have created an issue of fact as to any liability on its part highlights the unreasonableness of the majority's approach.

Even assuming plaintiff demonstrated the City's liability as a matter of law, our case law requires, as the Appellate Division majority held, that plaintiff's motion for summary judgment be denied.  In <u>Thoma v Ronai</u>, the Appellate Division denied summary judgment to plaintiff, a pedestrian struck by a car while "lawfully in a crosswalk," finding that although plaintiff's "comparative negligence may be found by a jury to be minimal, or even zero . . . the record does not support our finding a total absence of negligence as a matter of law" (189 AD2d 635, 636 [1st Dep't 1993]).  This Court affirmed, holding that plaintiff was not entitled to summary judgment because "she did not satisfy her burden of demonstrating the absence of any material issue of fact," namely the "factual question of her reasonable care" (82 NY2d 736, 737 [1993]).  The majority rejects <u>Thoma</u>'s holding because it does not explicitly "address[ the relevant] CPLR provisions" and presumes that it "never considered the import of article 14-A" (majority op. at 6).  But this questionable

---

[1] The majority "do[es] not reach" the issue of whether plaintiff demonstrated defendant's negligence as a matter of law (majority op. at 4).  In fact, this question is a preserved issue of law.  The majority asserts that the Appellate Division "fram[ed as] the sole issue for resolution" the question "whether a plaintiff seeking summary judgment on the issue of liability must establish, as a matter of law, that he or she is free from comparative fault" (<u>id.</u> at 4 n.2).  This is not correct.  The Appellate Division certified the question "was the order of Supreme Court, as affirmed by this Court, properly made?"  Accordingly, Supreme Court's ruling that plaintiff did not demonstrate defendant's negligence as a matter of law, and the Appellate Division's affirmance on that issue, is properly before us.

assessment of the Thoma holding is undermined by later case law.    In Sammis v

Nassau/Suffolk Football League, we reiterated the Thoma rule, denying partial summary

judgment to plaintiff because "[o]n this record, there exist issues of fact as to comparative

fault for a factfinder to consider pursuant to CPLR 1411" (95 NY2d 809, 810 [2000]).

More recently, we reviewed a decision of the Appellate Division that, in granting plaintiff's

summary judgment motion, attempted to distinguish Thoma because "plaintiffs established

that the defendant driver was negligent and that the injured plaintiff was free from

comparative fault" (Castiglione v Kruse, 130 AD3d 957, 958 [2d Dep't 2015]).    The

dissent, in rejecting summary judgment, asserted that the majority "fail[ed] to correctly

apply controlling precedent from the Court of Appeals," namely Thoma's assessment of a

pedestrian's comparative negligence in failing to "look to the sides" while crossing the

street (id. at 960-61 [Dillon, J, dissenting]).    We reversed, holding that "triable issues of

fact preclude summary judgment in plaintiffs' favor" (Castiglione v Kruse, 27 NY3d 1018

[2016]).    The rule set out is clear, and speculation as to what the Court "considered" – or

in other words, the suggestion that we did not mean what we said -- does not mask the fact

that the majority is overruling this line of cases.

    Accordingly, the issue of whether a plaintiff is entitled to summary judgment

without showing freedom from comparative fault is settled, and the Appellate Division

Departments have, for the most part, been applying that precedent.  Since Thoma, each

Department has held that a plaintiff is precluded from obtaining summary judgment where

issues of fact exist concerning comparative fault (see e.g. Piscitello v Fortress Trucking,

Ltd., 118 AD3d 1441 [4th Dept 2014]; Calcano v Rodriguez, 91 AD3d 468 [1st Dept 2012]; Roman v A1 Limousine, 76 AD3d 552 [2d Dept 2010]; Rigney v Ichabod Crane Cent. School Dist., 59 AD3d 842 [3d Dept 2009]). Moreover, in other contexts, each Department has ruled that a plaintiff has the burden of demonstrating the absence of issues of fact as to affirmative defenses to obtain summary judgment (see e.g. Morley Maples, Inc. v Dryden Mut. Ins. Co., 130 AD3d 1413 [3d Dept 2015]; Ahmad v City of NY, 129 AD3d 443, 444 [1st Dept 2015]; Jessabell Realty Corp. v Gonzales, 117 AD3d 908, 909 [2d Dept 2014]; Birt v Ratka, 39 AD3d 1238, 1239 [4th Dept 2007]). Conversely, the majority's approach, granting summary judgment without eliminating issues of fact concerning plaintiff's comparative fault, has only been taken by a minority of judges in the First Department (Gonzalez v ARC Interior Constr., 83 AD3d 418 [1st Dept 2011]; Tselebis v Ryder Truck Rental, 72 AD3d 198 [1st Dept 2010]; Strauss v Billig, 78 AD3d 415 [1st Dept 2010]), and has been expressly rejected within the First Department since those cases (see Calcano, 91 AD3d at 469 ["Although this Court departed from the Thoma holding in Tselebis . . . we respectfully decline to follow Tselebis"]).[2]

Similarly, the Legislature is under the impression that Thoma is the applicable rule and has declined to change it.[3] Attempts have been made to amend the comparative fault

---

[2] This approach has been partially followed in the Fourth Department, with some courts granting partial summary judgment on defendant's breach of the duty of care, but leaving for the jury the question of proximate cause (Simoneit v Mark Cerrone, Inc., 122 AD3d 1246, 1248 [4th Dept 2014]).

[3] The majority cites Desrosiers v Perry Ellis Menswear, LLC (30 NY3d 488, 497 [2017]) for the principle that "we have often been reluctant to ascribe persuasive significance to legislative inaction," but more relevant language follows, distinguishing "instances in

statute to place on a defendant opposing summary judgment "the burden of interposing proof of culpable conduct" (see S. 20572017-2018 Reg Sess [NY 2017]; S 7779/2016-2017 Reg Sess [NY 2016]; see also A. 2776, Memorandum in Support of Legislation [2017-2018] [proposing amendment to impose on defendant at summary judgment the burden of producing enough evidence of plaintiff's comparative fault to raise a genuine issue of fact]). Such attempts at legislative reform would be unnecessary if plaintiffs were entitled to summary judgment despite the existence of issues of fact concerning comparative fault. As defendant points out, these proposed bills would still preclude summary judgment where "defendant presents evidence of plaintiff's comparative fault sufficient to raise a question of fact" after a plaintiff has demonstrated defendant's liability as a matter of law (see Assembly Mem. in Support, H 2776 [2017]). The majority's approach goes well beyond these proposals, enabling a plaintiff to obtain summary judgment even where, as happened here, a defendant has demonstrated that plaintiff's comparative fault may be significant.

---

which the legislative inactivity has continued in the face of a prevailing statutory construction. . . . Stated another way, it is a recognized principle that where a statute has been interpreted by the courts, the continued use of the same language by the Legislature subsequent to the judicial interpretation is indicative that the legislative intent has been correctly ascertained" (id. [internal citations and quotation marks omitted]). This is particularly true where "'the Legislature, with presumed knowledge of the judicial construction of a statute, foregoes specific invitations and requests to amend its provisions to effect a different result'" (id., quoting Alonzo M. v New York City Dept. of Probations, 72 NY2d 662, 667 [1988]). Here, the legislative history in support of these amendments specifically refers to our prior determination and provides that "this amendment would not overrule Thoma" (A. 2776, Memorandum in Support of Legislation [ 2017-2018]).

The Thoma rule, denying summary judgment where there are triable issues concerning comparative fault, is not only the established rule, it is the fairer outcome. We have previously held that comparative fault must be analyzed from a holistic perspective (see Arbegast v Board of Educ., 65 NY2d 161, 168 [1985] [The comparative fault analysis requires a court to consider "the culpable conduct attributable to the (plaintiff as) compared with the total culpable conduct which caused the damages" and to "fix the relationship of each party's conduct to the injury sustained"]). Determinations of degrees of fault should be made as a whole, and assessing one party's fault with a preconceived idea of the other party's liability is inherently unfair; or, as the Appellate Division characterized it, a defendant would "enter[] the batter's box with two strikes already called" (142 AD3d at 782). Indeed, as the Appellate Division also noted, the Pattern Jury Instructions advise that a jury consider both parties' liability together (see PJI 2:36). This is because the issues of defendant's liability and plaintiff's comparative fault are intertwined. A jury cannot fairly and properly assess plaintiff's comparative fault without considering defendant's actions (see e.g. Siegel, Practice Commentaries C 3212:24 [noting that "no purpose is served by the granting of summary judgment" where "the proof that would go into the damages question substantially overlaps that on which liability depends"]). The facts of this case – which two courts have found created an issue of fact as to any liability on the part of defendant – highlight the unfairness of the majority's new rule (see e.g. Ugarriza v Schmieder, 46 NY2d 471, 475 [1979] ["Negligence cases by their very nature do not usually lend themselves to summary

judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination"]).

Simultaneous consideration by the jury of both parties' level of culpability is also the more practical approach. Indeed, "few, if any, litigation efficiencies are achieved by the entry of partial summary judgment in this context because the defendant would still be entitled, at trial, to present an all-out case on the plaintiff's culpable conduct" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons. Laws of NY, Book 7B C1412). In the event that plaintiff obtained partial summary judgment without removing issues of comparative fault, a jury would still be required to assess plaintiff's degree of liability, and then make a damages determination in a subsequent proceeding. Such an inefficient approach would dispose of any benefits to be gained in granting partial summary judgment (see e.g. E.B. Metal & Rubber Indus. v County of Washington, 102 AD2d 599 [3d Dept 1984] ["Granting plaintiffs' motions (for partial summary judgment) would be illusory and would spare neither the court's nor the litigants' time and effort. The issue of plaintiffs' comparative negligence would still need to be resolved, which resolution would require a comparison of the parties' culpable conduct"]). The majority promotes its approach by pointing to the "eliminat[ion]" of the first two questions a jury must answer in a "typical comparative negligence trial" (majority op. at 12). But these questions would not be eliminated by a grant of partial summary judgment, as an assessment of defendant's negligence would be required in order for the jury to determine comparative fault and damages.

Nor is our approach barred by the statutory language of Article 14-A. Requiring a plaintiff to show freedom from comparative fault in advance of obtaining summary judgment does not "bar recovery" in derogation of Article 14-A. Before the enactment of Article 14-A, a plaintiff was unable to obtain recovery of any sort where he or she was in any way culpable (Fitzpatrick v Int'l. Ry. Co., 252 NY 127, 133-34 [1929] ["At common law a person has no cause of action for negligence, if he himself has contributed, in the slightest degree, to bring it about"]). Article 14-A enables a plaintiff to *recover* despite comparative fault (see Arbegast, 65 NY2d at 167 [Article 14-A "permit(s) partial recovery in cases in which the conduct of each party is culpable"]). It does not mandate that courts grant partial summary judgment on liability to plaintiffs who are comparatively at fault, as the majority's approach would require. The comparative fault statute simply provides that a plaintiff is entitled to recover a certain amount of damages, to be determined by a jury, even in cases where plaintiff has engaged in some degree of culpable conduct. This requires that each party's culpability be assessed and liability determined before judgment is granted (see id. at 168 ["(W)hat the statute requires comparison of is not negligence but conduct which, for whatever reason, the law deems blameworthy, in order to fix the relationship of each party's conduct to the injury sustained and the damages to be paid by the one and received by the other as recompense for that injury"]).

The majority repeatedly speaks to the "double burden" our approach would place on defendant. But there is no unfair tipping of the scales. Plaintiff in his moving papers made a blanket assertion of freedom from any comparative negligence and defendant, in

response, came forward with extensive evidence of plaintiff's comparative fault. Plaintiff's burden was merely that placed on any party moving for summary judgment—to demonstrate a lack of triable issues of fact. In that, plaintiff failed.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Order, insofar as appealed from, reversed, with costs, case remitted to the Appellate Division, First Department, for consideration of issues raised but not determined on the appeal to that court and certified question answered in the negative. Opinion by Judge Feinman. Judges Rivera, Fahey and Wilson concur. Judge Garcia dissents in an opinion in which Chief Judge DiFiore and Judge Stein concur.

Decided April 3, 2018