GARCIA, J. (dissenting).
The majority holds that plaintiff's motion for partial summary judgment on liability was improperly denied, notwithstanding issues of fact as to plaintiff's comparative negligence. We disagree. The rule has been, and should remain, that a plaintiff must demonstrate the absence of issues of fact concerning both defendant's negligence and its own comparative fault in order to obtain summary judgment (see Thoma v. Ronai, 82 N.Y.2d 736, 602 N.Y.S.2d 323, 621 N.E.2d 690 [1993] ).
Plaintiff's injury occurred while he was working in a New York City Department of Sanitation garage, as he and his colleagues outfitted sanitation trucks with tire chains and a plow in order to clear snow and ice from the City streets. With the storm ongoing, plaintiff's colleagues were backing a truck into the Department's garage bay when the truck slid several feet and hit a parked car, which skidded forward and hit plaintiff.
Supreme Court rejected both parties' summary judgment motions. In rejecting plaintiff's motion, the court found that there were triable issues of fact as to the City's liability, specifically with respect to causation and foreseeability, as well as plaintiff's comparative fault. The court noted that "[f]oreseeability questions are generally left for the fact finder to resolve"
*375 **907 (citing Derdiarian v. Felix Constr. Corp., 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 414 N.E.2d 666 [1980] ) and that numerous issues of fact remained concerning causation. In addition, the court found that even if defendant's liability was established, "plaintiff would not be entitled to summary judgment as to liability since the question of his comparative fault must be resolved at trial."
The Appellate Division upheld Supreme Court's finding of triable issues concerning defendant's negligence. After reviewing the facts, the Appellate Division held that "[u]nder this factual scenario, the trier of fact could determine that defendant was free from negligence and that plaintiff was 100% at fault in causing his injuries" (142 A.D.3d 778, 781, 37 N.Y.S.3d 93 [1st Dept. 2016] [emphasis added] ). The majority dismisses this aspect of ***326 the Appellate Division's holding as a "passing reference," and, without explanation, determines that this statement "is not offered as an evaluation of the merits of defendant's alternative argument" (majority op. at 317 n. 2, 76 N.Y.S.3d at 900 n. 2, 101 N.E.3d at 368 n. 2). Here, where the holding of two lower courts calls into question plaintiff's demonstration of defendant's liability as a matter of law, the majority's summary dismissal of this issue is inadequate.[1] In any event, as discussed below, the fact that the City was found to have created an issue of fact as to any liability on its part highlights the unreasonableness of the majority's approach.
Even assuming plaintiff demonstrated the City's liability as a matter of law, our case law requires, as the Appellate Division majority held, that plaintiff's motion for summary judgment be denied. In Thoma v. Ronai, the Appellate Division denied summary judgment to plaintiff, a pedestrian struck by a car while "lawfully in [a] crosswalk," finding that although plaintiff's "comparative negligence may be found by a jury to be minimal, or even zero ... the record does not support our finding a total absence of negligence as a matter of law" ( 189 A.D.2d 635, 635-636, 592 N.Y.S.2d 333 [1st Dep't 1993] ). This Court affirmed, holding that plaintiff was not entitled to summary judgment because "she did not satisfy her burden of demonstrating the absence of any material issue of fact," namely the "factual question of her reasonable care" ( 82 N.Y.2d 736, 737, 602 N.Y.S.2d 323, 621 N.E.2d 690 [1993] ). The majority rejects Thoma 's holding because it does not explicitly "address[ ] [the relevant] CPLR provisions" and presumes that it "never considered the import of article 14-A" (majority op. at 321-322, 76 N.Y.S.3d at 903-04, 101 N.E.3d at 371-72). But this questionable assessment of the Thoma holding is undermined by later case law. In Sammis v. Nassau/Suffolk Football League, we reiterated the Thoma rule, denying partial summary judgment to plaintiff because "[o]n this record, there exist issues of fact as to comparative fault for a factfinder to consider pursuant to CPLR 1411" ( ***327 95 N.Y.2d 809, 810, 710 N.Y.S.2d 834, 732 N.E.2d 941 [2000] ). *376 **908 More recently, we reviewed a decision of the Appellate Division that, in granting plaintiff's summary judgment motion, attempted to distinguish Thoma because "plaintiffs established that the defendant driver was negligent and that the injured plaintiff was free from comparative fault" ( Castiglione v. Kruse, 130 A.D.3d 957, 958, 15 N.Y.S.3d 360 [2d Dep't 2015] ). The dissent, in rejecting summary judgment, asserted that the majority "fail[ed] to correctly apply controlling precedent from the Court of Appeals," namely Thoma 's assessment of a pedestrian's comparative negligence in failing to "look to the sides" while crossing the street ( id. at 960-61, 15 N.Y.S.3d 360 [Dillon, J, dissenting] ). We reversed, holding that "triable questions of fact preclude summary judgment in plaintiffs' favor" ( Castiglione v. Kruse, 27 N.Y.3d 1018, 1019, 32 N.Y.S.3d 579, 52 N.E.3d 243 [2016] ). The rule set out is clear, and speculation as to what the Court "considered"-or in other words, the suggestion that we did not mean what we said-does not mask the fact that the majority is overruling this line of cases.
Accordingly, the issue of whether a plaintiff is entitled to summary judgment without showing freedom from comparative fault is settled, and the Appellate Division Departments have, for the most part, been applying that precedent. Since Thoma, each Department has held that a plaintiff is precluded from obtaining summary judgment where issues of fact exist concerning comparative fault (see e.g. Piscitello v. Fortress Trucking, Ltd., 118 A.D.3d 1441, 988 N.Y.S.2d 784 [4th Dept. 2014] ; Calcano v. Rodriguez, 91 A.D.3d 468, 936 N.Y.S.2d 185 [1st Dept. 2012] ; Roman v. A1 Limousine, 76 A.D.3d 552, 907 N.Y.S.2d 251 [2d Dept. 2010] ; Rigney v. Ichabod Crane Cent. School Dist., 59 A.D.3d 842, 874 N.Y.S.2d 280 [3d Dept. 2009] ). Moreover, in other contexts, each Department has ruled that a plaintiff has the burden of demonstrating the absence of issues of fact as to affirmative defenses to obtain summary judgment (see e.g. Morley Maples, Inc. v. Dryden Mut. Ins. Co., 130 A.D.3d 1413, 14 N.Y.S.3d 579 [3d Dept. 2015] ; Ahmad v. City of NY, 129 A.D.3d 443, 444, 11 N.Y.S.3d 27 [1st Dept. 2015] ; Jessabell Realty Corp. v. Gonzales, 117 A.D.3d 908, 909, 985 N.Y.S.2d 897 [2d Dept. 2014] ; Birt v. Ratka, 39 A.D.3d 1238, 1239, 835 N.Y.S.2d 781 [4th Dept. 2007] ). Conversely, the majority's approach, granting summary judgment without eliminating issues of fact concerning plaintiff's comparative fault, has only been taken by a minority of judges in the First Department ( Gonzalez v. ARC Interior Constr., 83 A.D.3d 418, 921 N.Y.S.2d 33 [1st Dept. 2011] ; Tselebis v. Ryder Truck Rental, 72 A.D.3d 198, 895 N.Y.S.2d 389 [1st Dept. 2010] ; Strauss v. Billig, 78 A.D.3d 415, 909 N.Y.S.2d 724 [1st Dept. 2010] ), and has been expressly ***328 rejected within the First Department since those cases (see Calcano, 91 A.D.3d at 469, 936 N.Y.S.2d 185 ["Although this Court departed from the Thoma holding in Tselebis ... we respectfully decline to follow Tselebis "] ).[2]
Similarly, the legislature is under the impression that Thoma is the applicable rule and has declined to change it.[3] Attempts **909 *377 have been made to amend the comparative fault statute to place on a defendant opposing summary judgment "the burden of interposing proof of culpable conduct" (see S. 20572017-2018 Reg Sess [NY 2017]; S 7779/2016-2017 Reg Sess [NY 2016]; see also A. 2776, Memorandum in Support of Legislation [2017-2018] [proposing amendment to impose on defendant at summary judgment the burden of producing enough evidence of plaintiff's comparative fault to raise a genuine issue of fact] ). Such attempts at legislative reform would be unnecessary if plaintiffs were entitled to summary judgment despite the existence of issues of fact concerning comparative fault. As defendant points out, these proposed bills would still preclude summary judgment where "defendant presents evidence of plaintiff's comparative fault sufficient to raise a question of fact" after a plaintiff has demonstrated defendant's liability as a matter of law (see Assembly Mem. in Support, H 2776 [2017] ). The majority's approach goes well beyond these proposals, enabling a plaintiff to obtain summary judgment even where, as happened here, a defendant ***329 has demonstrated that plaintiff's comparative fault may be significant.
The Thoma rule, denying summary judgment where there are triable issues concerning comparative fault, is not only the established rule, it is the fairer outcome. We have previously held that comparative fault must be analyzed from a holistic perspective (see Arbegast v. Board of Educ., 65 N.Y.2d 161, 168-169, 490 N.Y.S.2d 751, 480 N.E.2d 365 [1985] [the comparative fault analysis requires a court to consider "the culpable conduct attributable to the (plaintiff as) compared with the total culpable conduct which caused the damages" and to "fix the relationship of each party's conduct to the injury sustained"] ). Determinations of degrees of fault should be made as a whole, and assessing one party's fault with a preconceived idea of the other party's liability is inherently unfair; or, as the Appellate Division characterized it, a defendant would "enter[ ] the batter's box with two strikes already called" (142 A.D.3d at 782, 37 N.Y.S.3d 93). Indeed, as the Appellate Division also noted, the Pattern Jury Instructions advise that a jury consider both parties' liability together (see PJI 2:36 ). This is because the issues of defendant's liability and plaintiff's comparative fault are intertwined. A jury cannot fairly and properly assess plaintiff's comparative fault without considering defendant's actions (see e.g. Siegel, Practice Commentaries C 3212:24 [noting that "(n)o purpose (is) served by the granting of summary judgment" where "the proof that would go into the damages question substantially overlaps that on which liability depends"] ). The facts of this case-which two courts *378 **910 have found created an issue of fact as to any liability on the part of defendant-highlight the unfairness of the majority's new rule (see e.g. Ugarriza v. Schmieder, 46 N.Y.2d 471, 474-475, 414 N.Y.S.2d 304, 386 N.E.2d 1324 [1979] ["Negligence cases by their very nature do not usually lend themselves to summary judgment, since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination"] ).
Simultaneous consideration by the jury of both parties' level of culpability is also the more practical approach. Indeed, "few, if any, litigation efficiencies are achieved by the entry of partial summary judgment in this context because the defendant would still be entitled, at trial, to present an all-out case on the plaintiff's culpable conduct" (Vincent C. Alexander, Practice Commentaries, McKinney's Cons.Laws of NY, Book 7B C1412). In the event that plaintiff obtained partial summary ***330 judgment without removing issues of comparative fault, a jury would still be required to assess plaintiff's degree of liability, and then make a damages determination in a subsequent proceeding. Such an inefficient approach would dispose of any benefits to be gained in granting partial summary judgment (see e.g. E.B. Metal & Rubber Indus. v. County of Washington, 102 A.D.2d 599, 602-603, 479 N.Y.S.2d 794 [3d Dept. 1984] ["Granting plaintiffs' motions (for partial summary judgment) would be illusory and would spare neither the court's nor the litigants' time and effort. The issue of plaintiffs' comparative negligence would still need to be resolved, which resolution would require a comparison of the parties' culpable conduct"] ). The majority promotes its approach by pointing to the "eliminat[ion]" of the first two questions a jury must answer in a "typical comparative negligence trial" (majority op. at 324, 76 N.Y.S.3d at 905, 101 N.E.3d at 373). But these questions would not be eliminated by a grant of partial summary judgment, as an assessment of defendant's negligence would be required in order for the jury to determine comparative fault and damages.
Nor is our approach barred by the statutory language of CPLR article 14-A. Requiring a plaintiff to show freedom from comparative fault in advance of obtaining summary judgment does not "bar recovery" in derogation of article 14-A. Before the enactment of Article 14-A, a plaintiff was unable to obtain recovery of any sort where he or she was in any way culpable ( Fitzpatrick v. Int'l. Ry. Co., 252 N.Y. 127, 133-34, 169 N.E. 112 [1929] ["At common law a person has no cause of action for negligence, if he himself has contributed, in the slightest degree, to bring it about"] ). Article 14-A enables a plaintiff to recover despite comparative fault (see Arbegast, 65 N.Y.2d at 167, 490 N.Y.S.2d 751, 480 N.E.2d 365 [article 14-A "permit(s) partial recovery in cases in which the conduct of each party is culpable"] ). It does not mandate that courts grant partial summary judgment on liability to plaintiffs who are comparatively at fault, as the majority's approach would require. The comparative fault statute simply provides that a plaintiff is entitled to recover a certain amount of damages, to be determined by a jury, even in cases where plaintiff has engaged in some degree of culpable conduct. This requires that each party's culpability be assessed and liability determined before judgment is granted (see id. at 168, 490 N.Y.S.2d 751, 480 N.E.2d 365 ["(W)hat the statute requires comparison of is not negligence but conduct which, for whatever reason, the law deems blameworthy, in order to fix the relationship of each party's conduct to the injury sustained and the damages to be *379 **911 paid by the one and received by the other as recompense for that injury"] ). ***331 The majority repeatedly speaks to the "double burden" our approach would place on defendant. But there is no unfair tipping of the scales. Plaintiff in his moving papers made a blanket assertion of freedom from any comparative negligence and defendant, in response, came forward with extensive evidence of plaintiff's comparative fault. Plaintiff's burden was merely that placed on any party moving for summary judgment-to demonstrate a lack of triable issues of fact. In that, plaintiff failed.
Order, insofar as appealed from, reversed, with costs, case remitted to the Appellate Division, First Department, for consideration of issues raised but not determined on the appeal to that Court and certified question answered in the negative.
Judges Rivera, Fahey and Wilson concur. Judge Garcia dissents in an opinion in which Chief Judge DiFiore and Judge Stein concur.

The majority "do[es] not reach" the issue of whether plaintiff demonstrated defendant's negligence as a matter of law (majority 316 n. 2, 76 N.Y.S.3d at 900 n. 2, 101 N.E.3d at 368 n. 2). In fact, this question is a preserved issue of law. The majority asserts that the Appellate Division "fram[ed as] the sole issue for resolution" the question "whether a plaintiff seeking summary judgment on the issue of liability must establish, as a matter of law, that he or she is free from comparative fault" (id. at 900 n. 2, 101 N.E.3d at 368 n.2). This is not correct. The Appellate Division certified the question "was the order of Supreme Court, as affirmed by this Court, properly made?" Accordingly, Supreme Court's ruling that plaintiff did not demonstrate defendant's negligence as a matter of law, and the Appellate Division's affirmance on that issue, is properly before us.

This approach has been partially followed in the Fourth Department, with some courts granting partial summary judgment on defendant's breach of the duty of care, but leaving for the jury the question of proximate cause (Simoneit v. Mark Cerrone, Inc., 122 A.D.3d 1246, 1248, 996 N.Y.S.2d 810 [4th Dept. 2014] ).

The majority cites Desrosiers v. Perry Ellis Menswear, LLC, 30 N.Y.3d 488, 497, 68 N.Y.S.3d 391, 90 N.E.3d 1262 [2017] ) for the principle that "we have often been reluctant to ascribe persuasive significance to legislative inaction," but more relevant language follows, distinguishing
"instances in which the legislative inactivity has continued in the face of a prevailing statutory construction.... Stated another way, it is a recognized principle that where a statute has been interpreted by the courts, the continued use of the same language by the Legislature subsequent to the judicial interpretation is indicative that the legislative intent has been correctly ascertained" (id. [internal citations and quotation marks omitted] ).
This is particularly true where " 'the Legislature, with presumed knowledge of the judicial construction of a statute, foregoes specific invitations and requests to amend its provisions to effect a different result' " (id., quoting Alonzo M. v. New York City Dept. of Probations, 72 N.Y.2d 662, 667, 536 N.Y.S.2d 26, 532 N.E.2d 1254 [1988] ). Here, the legislative history in support of these amendments specifically refers to our prior determination and provides that "this amendment would not overrule Thoma " (A. 2776, Memorandum in Support of Legislation [2017-2018] ).